1   NEIL SELMAN (SBN 62720)
    nselman@selmanlaw.com
2   SELMAN BREITMAN LLP
    11766 Wilshire Blvd., Suite 600
3   Los Angeles, CA 90025
    Telephone: 310.445.0800
4   Facsimile: 310.473.2525

5   LINDA WENDELL HSU (SBN 162971)
    lhsu@selmanlaw.com
6   SARA J. SAVAGE (SBN 199344)
    ssavage@selmanlaw.com
7   SELMAN BREITMAN LLP
    33 New Montgomery, Sixth Floor
8   San Francisco, CA 94105-4537
    Telephone: 415.979.0400
9   Facsimile: 415.979.2099

10  ANTONIA B. IANNIELLO (Washington DC Bar No. 336487) (Pro Hac Vice
    Application To Be Filed)
11  aianniello@steptoe.com
    STEPTOE & JOHNSON LLP
12  1330 Connecticut Avenue, NW
    Washington, DC 20036
13  Telephone:  202.429.8087
    Facsimile:  202.429.3902
14
    Attorneys for Defendant/Counter-Claimant
15  GREAT DIVIDE INSURANCE COMPANY

16

17              UNITED STATES DISTRICT COURT

18              CENTRAL DISTRICT OF CALIFORNIA

19  VIACOMCBS INC., a Delaware          CASE NO. 2:21-cv-00400-ODW (AFMx)
    Corporation,
20                                      GREAT DIVIDE INSURANCE
               Plaintiff,              COMPANY'S ANSWER AND
21                                      AFFIRMATIVE DEFENSES TO THE
          v.                           COMPLAINT OF PLAINTIFF
22                                      VIACOMCBS INC.; GREAT DIVIDE'S
    GREAT DIVIDE INSURANCE             COUNTERCLAIM
23  COMPANY, a North Dakota
    Corporation,
24
               Defendant.
25                                      Complaint Filed:    January 14, 2021

26  _____

27  GREAT DIVIDE INSURANCE
    COMPANY, a North Dakota
28  Corporation,

                                      1
    DEFENDANT GREAT DIVIDE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND
                                COUNTERCLAIM
                    CASE NO. 2:21-cv-00400-ODW (AFMx)

Selman Breitman LLP
ATTORNEYS AT LAW

Counter-Claimant,

v.

VIACOMCBS INC., a Delaware Corporation, AND ROES 1 THROUGH 100, INCLUSIVE,

Counter-Defendants.

Defendant GREAT DIVIDE INSURANCE COMPANY ("Great Divide"), answers the complaint of Plaintiff ViacomCBS Inc. ("ViacomCBS") for: (1) Breach(es) of Contract; (2) Anticipatory Breach of Contract; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (4) Declaratory Relief as follows:

**RESPONSE TO "NATURE OF THIS LAWSUIT" ALLEGATIONS**

1.      Answering Paragraph 1 of the Complaint, Defendant admits that Viacom International Inc. purchased an insurance policy ("Policy") from Defendant, but denies the allegations regarding Plaintiff's characterization of the type of "losses" the Policy may or may not cover. As to the remainder of the allegations set forth in Paragraph 1, Defendant lacks sufficient information and belief to be able to admit or deny this request.  Accordingly, Defendant expressly denies each and every other allegation contained in Paragraph 1.

2.      Answering Paragraph 2 of the Complaint, Defendant lacks sufficient information and belief to be able to admit or deny this request.  Accordingly, Defendant expressly denies each and every allegation contained in Paragraph 2.

3.      Answering Paragraph 3 of the Complaint, Defendant expressly denies each and every allegation.

4.      Answering Paragraph 4 of the Complaint, Defendant admits that the Policy includes "Anniversary Policy Terms And Rating Review" terms and conditions. As to the remainder of the allegations set forth in Paragraph 4, Defendant expressly denies each and every such allegation.

5.      Answering Paragraph 5 of the Complaint, Defendant admits that

Selman Breitman LLP
ATTORNEYS AT LAW

2

4892 49897 4824-4439-2159 .v3

standard-form exclusions are available for certain types of losses.  As to the remainder of the allegations set forth in Paragraph 5, Defendant expressly denies each and every such.

6.    Answering Paragraph 6 of the Complaint, Defendant admits that Plaintiff's Complaint seeks damages and declaratory relief.  As to the remainder of the allegations set forth in Paragraph 6, Defendant expressly denies each and every such allegation.

## RESPONSE TO "JURISDICTION AND VENUE" ALLEGATIONS

7.    Answering Paragraph 7 of the Complaint, Defendant admits complete diversity of citizenship between the parties and that the alleged amount in controversy exceeds $75,000.    Defendant denies that this Court has jurisdiction because this matter is not ripe for adjudication.

8.    Defendant admits the allegations in Paragraph 8 of the Complaint, other than to state that this matter is not ripe for adjudication.

9.    Answering Paragraph 9 of the Complaint, Defendant admits that certain events giving rise to the claim occurred in this District.  Defendant expressly denies each and every other allegation contained in Paragraph 9.

## RESPONSE TO "THE PARTIES" ALLEGATIONS

10.    Answering Paragraph 10 of the Complaint, Defendant lacks sufficient information and belief to be able to admit or deny this request.

11.    Answering Paragraph 11 of the Complaint, Defendant denies the allegations and characterizations contained therein, except to admit that Great Divide is incorporated in North Dakota, with its administrative office in Iowa and that Great Divide was licensed to transact and transacted business in California at all relevant times.

12.    Answering Paragraph 12 of the Complaint, Defendant denies the allegations contained therein, except to admit that W.R. Berkley is the ultimate parent company of Defendant and that Berkley Entertainment provided underwriting

Selman Breitman LLP
ATTORNEYS AT LAW

4892 49897 4824-4439-2159 .v3

services and claims adjusting services on behalf of Defendant with respect to the Policy.

13.     Answering Paragraph 13 of the Complaint, Defendant denies the allegations except to admit that Berkley and Berkley Entertainment maintain websites, the terms and contents of which speak for themselves and that the website addresses are https://www.berkley.com and https://www.berkleyentertainment.com. Defendant denies Paragraph 13 to the extent it mischaracterizes the terms and contents of the websites or fails to accurately or completely quote the terms and contents of the websites.  Defendant denies the remaining allegations of Paragraph 13.

14.     Answering Paragraph 14 of the Complaint, Defendant admits that Berkley Entertainment maintains a website at https://www.berkleyentertainment.com, the terms and contents of which speak for themselves.  Defendant denies Paragraph 14 to the extent it mischaracterizes the terms and contents of the website or fails to accurately or completely quote the terms and contents the website.   Defendant denies the remaining allegations of Paragraph 14.

15.     Answering Paragraph 15 of the Complaint, Defendant admits that Berkley publicly announced its First Quarter Financial Results for 2020 and that the indented language appears in that statement but otherwise states that the terms and contents of the Report speaks for itself and denies Paragraph 15 to the extent it mischaracterized the terms and contents of the report or fails to accurately or completely quote the terms and contents of the report. Defendant denies the remaining allegations in paragraph 15.

16.     Answering Paragraph 16 of the Complaint, Defendant admits that there is a website (https://www.businesswire.com/news/home/20200526005641/en/W.-R.-Berkley-Corporation-to-Host-Virtual-Only-Annual-Meeting-of-Stockholders-on-June-12-2020) which contains the language quoted in the Complaint but

Selman Breitman LLP
ATTORNEYS AT LAW

1   otherwise states that the terms and contents of a website from a non-defendant speak

2   for themselves and denies Paragraph 16 to the extent it mischaracterized the terms

3   and contents of the website's contents or fails to accurately or completely quote the

4   terms and contents of the website.

5   **RESPONSE TO "GREAT DIVIDE'S KNOWLEDGE OF THE RISK OF**

6   **PANDEMICS" ALLEGATIONS**

7      17.   Answering Paragraph 17 of the Complaint, Defendant expressly denies

8   each and every allegation contained in this Paragraph.

9      18.   Answering Paragraph 18 of the Complaint, Defendant denies that

10   "[o]ne insurance industry repository shows the "tip of the iceberg" about how much

11   information was available to insurers on the risk of pandemics.  As to the remaining

12   allegations in Paragraph 18, Defendant has insufficient information to either admit

13   or deny those allegations, and therefore denies them.

14      19.   Answering Paragraph 19 of the Complaint, Defendant expressly denies

15   those allegations.

16      20.   Answering Paragraph 20 of the Complaint, Defendant denies that

17   Plaintiff has accurately and entirely set forth the applicable holding and rule of law,

18   and notes that the cited case is not the controlling authority relative to the legal

19   contention Plaintiff is attempting to establish.

20      21.   Answering Paragraph 21 of the Complaint, Defendant expressly denies

21   each and every allegation contained therein.

22      22.   Answering Paragraph 22 of the Complaint, Defendant admits that ISO

23   is an advisory organization that develops and publishes policy language and that it

24   prepared a circular in 2006 but states that the circular speaks for itself.  Defendant

25   denies Paragraph 22 to the extent it mischaracterizes the terms and contents of the

26   circular or fails to accurately or completely quote the terms and contents of the

27   circular.  However, Defendant lacks sufficient information and belief to be able to

28   admit or deny the remaining allegations contained in this paragraph and therefore

*Selman Breitman* LLP
ATTORNEYS AT LAW

DEFENDANT GREAT DIVIDE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM
CASE NO. 2:21-cv-00400-ODW (AFMx)

4892 49897 4824-4439-2159 .v3

denies each and every other allegation contained in Paragraph 22.

23.     Answering Paragraph 23 of the Complaint, Defendant admits that ISO prepared a circular but states that the circular speaks for itself. Defendant denies Paragraph 23 to the extent it mischaracterizes the terms and contents of the circular or fails to accurately or completely quote the terms and contents of the circular.

24.     Answering Paragraph 24 of the Complaint, Defendant admits that ISO prepared a circular that speaks for itself. Defendant denies Paragraph 24 to the extent it mischaracterizes the terms and contents of the circular or fails to accurately or completely quote the terms and contents of the circular.

25.     Answering Paragraph 25 of the Complaint, Defendant expressly denies each and every allegation in this paragraph.

26.     Answering Paragraph 26 of the Complaint, Defendant expressly denies each and every allegation in this paragraph.

## RESPONSE TO "THE GREAT DIVIDE INSURANCE POLICY" ALLEGATIONS

27.     Answering Paragraph 27 of the Complaint, Defendant admits that it issued the "Policy" to Viacom International Inc. during the policy periods as alleged but states that the Policy speaks for itself and provides coverage subject to all of its terms, definitions, conditions, exclusions and limitation as stated therein. As to the remaining allegations set forth in this paragraph, Defendant lacks sufficient information and belief to be able to admit or deny the allegations, and therefore denies each and every other allegation contained in Paragraph 27.

28.     Defendant admits the allegations in Paragraph 28 of the Complaint, but states that the Policy speaks for itself and provides coverage subject to all of its terms, definitions, conditions, exclusions and limitations as stated therein.

29.     Answering Paragraph 29 of the Complaint, Defendant admits that Plaintiff has accurately quoted an incomplete section of §L of the Conditions section of the Policy but states that the Policy speaks for itself and provides coverage subject

Selman Breitman LLP
ATTORNEYS AT LAW

4892 49897 4824-4439-2159 .v3

to all of its terms, definitions, conditions, exclusions and limitations as stated therein. Defendant expressly denies any other allegation contained in this Paragraph.

30. Answering Paragraph 30 of the Complaint, Defendant admits that Plaintiff has accurately cited an incomplete section of §I of the Conditions section of the Policy but states that the Policy speaks for itself and provides coverage subject to all of its terms, definitions, conditions, exclusions and limitations as stated therein. However, Defendant expressly denies any other allegation contained in this Paragraph.

31. Answering Paragraph 31 of the Complaint, Defendant admits that Plaintiff has accurately cited (albeit incomplete and out of context) the definition referenced under §A of the Policy but states that the Policy speaks for itself and provides coverage subject to all of its terms, definitions, conditions, exclusions and limitations as stated therein. However, Defendant expressly denies any other allegation contained in this Paragraph.

32. Defendant admits the allegations in Paragraph 32 of the Complaint but states that the Policy speaks for itself and provides coverage subject to all of its terms, definitions, conditions, exclusions and limitations as stated therein.

33. Answering Paragraph 33 of the Complaint, Defendant admits that Plaintiff has accurately cited the definition of Loss (albeit incomplete and out of context) referenced under §VI.A of the Policy but states that the Policy speaks for itself and provides coverage subject to all of its terms, definitions, conditions, exclusions and limitations as stated therein. However, Defendant expressly denies any other allegation contained in this Paragraph.

34. Answering Paragraph 34 of the Complaint, Defendant admits that Plaintiff has accurately cited the definition of Loss (albeit incomplete and out of context) referenced under §VI.B of the Policy but states that the Policy speaks for itself and provides coverage subject to all of its terms, definitions, conditions, exclusions and limitations as stated therein. However, Defendant expressly denies

7

4892 49897 4824-4439-2159 .v3

1   any other allegation contained in this Paragraph.

2   35.   Answering Paragraph 35 of the Complaint, Defendant admits that
3   Plaintiff has accurately cited the definition of Loss (albeit incomplete and out of
4   context) referenced under §VI.B of the Policy but states that the Policy speaks for
5   itself and provides coverage subject to all of its terms, definitions, conditions,
6   exclusions and limitations as stated therein. However, Defendant expressly denies
7   any other allegation contained in this Paragraph.

8   36.   Answering Paragraph 36 of the Complaint, Defendant admits that
9   Plaintiff has accurately cited the referenced section of the Policy but states that the
10  Policy speaks for itself and provides coverage subject to all of its terms, definitions,
11  conditions, exclusions and limitations as stated therein. However, Defendant
12  expressly denies any other allegation contained in this Paragraph.

13  37.   Answering Paragraph 37 of the Complaint, Defendant admits that
14  Plaintiff has accurately cited the referenced section of the Policy but states that the
15  Policy speaks for itself and provides coverage subject to all of its terms, definitions,
16  conditions, exclusions and limitations as stated therein. However, Defendant
17  expressly denies any other allegation contained in this Paragraph.

18  38.   Answering Paragraph 38 of the Complaint, Defendant admits that
19  Plaintiff has accurately cited the referenced section of the Policy but states that the
20  Policy speaks for itself and provides coverage subject to all of its terms, definitions,
21  conditions, exclusions and limitations as stated therein. However, Defendant
22  expressly denies any other allegation contained in this Paragraph.

23  39.   Answering Paragraph 39 of the Complaint, Defendant admits that
24  Plaintiff has accurately cited referenced language in the Policy but states that the
25  Policy speaks for itself and provides coverage subject to all of its terms, definitions,
26  conditions, exclusions and limitations as stated therein. However, Defendant
27  expressly denies any other allegation contained in this Paragraph.

28  40.   Answering Paragraph 40 of the Complaint, Defendant admits that

8

4892 49897 4824-4439-2159 .v3

Plaintiff has accurately cited referenced language in the Policy but states that the Policy speaks for itself and provides coverage subject to all of its terms, definitions, conditions, exclusions and limitations as stated therein. However, Defendant expressly denies any other allegation contained in this Paragraph.

41.     Answering Paragraph 41 of the Complaint, Defendant admits that Plaintiff has accurately cited referenced language in the Policy but states that the Policy speaks for itself and provides coverage subject to all of its terms, definitions, conditions, exclusions and limitations as stated therein. However, Defendant expressly denies any other allegation contained in this Paragraph.

42.     Answering Paragraph 42 of the Complaint, Defendant admits that Plaintiff has accurately cited referenced language in the Policy but states that the Policy speaks for itself and provides coverage subject to all of its terms, definitions, conditions, exclusions and limitations as stated therein. However, Defendant expressly denies any other allegation contained in this Paragraph.

43.     Answering Paragraph 43 of the Complaint, Defendant admits that Plaintiff has accurately cited referenced language in the Policy but states that the Policy speaks for itself and provides coverage subject to all of its terms, definitions, conditions, exclusions and limitations as stated therein.. However, Defendant expressly denies any other allegation contained in this Paragraph.

44.     Answering Paragraph 44 of the Complaint, Defendant admits that Plaintiff has accurately cited referenced language in the Policy but states that the Policy speaks for itself and provides coverage subject to all of its terms, definitions, conditions, exclusions and limitations as stated therein.  However, Defendant expressly denies any other allegation contained in this Paragraph.

45.     Answering Paragraph 45 of the Complaint, Defendant admits that Plaintiff has accurately cited referenced language in the Policy but states that the Policy speaks for itself and provides coverage subject to all of its terms, definitions, conditions, exclusions and limitations as stated therein.  However, Defendant

Selman Breitman LLP
ATTORNEYS AT LAW

9

1  expressly denies any other allegation contained in this Paragraph.

2  46.  Answering Paragraph 46 of the Complaint, Defendant admits that

3  Plaintiff has accurately cited referenced language in the Policy but states that the

4  Policy speaks for itself and provides coverage subject to all of its terms, definitions,

5  conditions, exclusions and limitations as stated therein.  However, Defendant

6  expressly denies any other allegation contained in this Paragraph.

7  47.  Answering Paragraph 47 of the Complaint, Defendant expressly denies

8  each and every allegation contained in this paragraph.

9  ## RESPONSE TO "THE COVID-19 PANDEMIC AND ENSUING CIVIL

10  ## AUTHORITY ORDERS" ALLEGATIONS

11  48.  Answering Paragraph 48 of the Complaint, Defendant admits that in

12  2019 a novel coronavirus was discovered causing a worldwide pandemic and that

13  the World Health Organization declared COVID-19 a pandemic in or about March

14  2020.

15  49.  Answering Paragraph 49 of the Complaint, Defendant admits that in

16  2019 a novel coronavirus was discovered causing a worldwide pandemic.  Defendant

17  lacks sufficient information and belief to admit or deny the remaining allegations

18  contained in this Paragraph and as such, expressly denies any remaining allegation.

19  50.  Answering Paragraph 50 of the Complaint, Defendant admits that in

20  2019 a novel coronavirus was discovered causing a worldwide pandemic.  Defendant

21  lacks sufficient information and belief to admit or deny the remaining allegations

22  contained in this Paragraph and as such, expressly denies any remaining allegation.

23  51.  Answering Paragraph 51 of the Complaint, Defendant has insufficient

24  information to either admit or deny that the published reports are accurately

25  summarized, that they accurately summarize the findings and conclusions of the

26  studies cited in those reports, or that the content of the published reports referenced

27  in this paragraph are accurate in the context of this case, and therefore deny these

28  allegations.

Selman Breitman LLP
ATTORNEYS AT LAW

10

4892 49897 4824-4439-2159 .v3

52.    Answering Paragraph 52 of the Complaint, Defendant admits that in 2019 a novel coronavirus was discovered causing a worldwide pandemic.  Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in this Paragraph and as such, expressly denies any remaining allegation.

53.    Answering Paragraph 53 of the Complaint, Defendant admits that in 2019 a novel coronavirus was discovered causing a worldwide pandemic.  Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in this Paragraph and as such, expressly denies any remaining allegation.

54.    Answering Paragraph 54 of the Complaint, Defendant admits that in 2019 a novel coronavirus was discovered causing a worldwide pandemic and that governmental orders have been issued to address the spread of COVID-19. Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in this Paragraph and as such, expressly denies any remaining allegation.

55.    Answering Paragraph 55 of the Complaint, Defendant expressly denies each and every allegation in this paragraph.

56.    Answering Paragraph 56 of the Complaint, Defendant admits that in 2019 a novel coronavirus was discovered causing a worldwide pandemic.  Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in this Paragraph and as such, expressly denies any remaining allegation.

57.    Answering Paragraph 57 of the Complaint, Defendant denies each and every allegation in this paragraph.

58.    Answering Paragraph 58 of the Complaint, Defendant admits that the entertainment industry was affected by the pandemic and governmental orders issued as a result of the pandemic, Defendant has paid some claims made pursuant to the terms, definitions, conditions, exclusions and limitations in the Policy, and is still adjusting claims made under the Policy.  Defendant denies the remaining allegations in this paragraph.

DEFENDANT GREAT DIVIDE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
CASE NO. 2:21-cv-00400-ODW (AFMx)

4892 49897 4824-4439-2159 .v3

Selman Breitman LLP
ATTORNEYS AT LAW

59.     Answering Paragraph 59 of the Complaint, Defendant admits that the broker on behalf of Plaintiff advised that certain productions were postponed or abandoned.  Defendant denies the remaining allegations in this paragraph.

## RESPONSE TO "GREAT DIVIDE'S BREACHES AND WRONGFUL CONDUCT" ALLEGATIONS

60.     Answering Paragraph 60 of the Complaint, Defendant admits that it was notified of certain "losses" and was provided information regarding these losses or claims.   Defendant expressly denies any remaining allegations contained in this Paragraph

61.     Answering Paragraph 61 of the Complaint, Defendant expressly denies each and every allegation contained therein.

62.     Answering Paragraph 62 of the Complaint, Defendant admits that it had communications with Plaintiff and/or its representatives and that it communicated in part that it was not likely that the Imminent Peril coverage was triggered based upon the information provided to date from Plaintiff in support of its "losses" or "claims."  Defendant expressly denies any remaining allegations in this Paragraph.

63.     Answering Paragraph 63 of the Complaint, Defendant admits that on June 24, 2020, Kirk Pasich sent a letter to Robert Jellen of HUB International Insurance Services which speaks for itself.  Defendant denies any other allegations contained in this paragraph.

64.     Answering Paragraph 64 of the Complaint, Defendant admits that on June 24, 2020, Kirk Pasich sent a letter to Robert Jellen of HUB International Insurance Services which speaks for itself.  Defendant denies any other allegations contained in this paragraph.

65.     Answering Paragraph 65 of the Complaint, Defendant admits that on June 24, 2020, Kirk Pasich sent a letter to Robert Jellen of HUB International Insurance Services which speaks for itself.  Defendant denies any other allegations contained in this paragraph.

Selman Breitman LLP
ATTORNEYS AT LAW

4892 49897 4824-4439-2159 .v3

66.     Answering Paragraph 66 of the Complaint, Defendant admits that Plaintiff is entitled to the coverage available to it provided by and under the Policy subject to all of its terms, definitions, conditions, exclusions and limitations as stated therein.  Defendant denies any remaining allegations contained in Paragraph 66 of the Complaint.

67.     Answering Paragraph 67 of the Complaint, Defendant lacks sufficient information and belief regarding Plaintiff's expectation that the Policy would continue for the year following December 1, 2020.  Defendant expressly denies the remaining allegations as contained in this Paragraph.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint.

69.     Answering Paragraph 69 of the Complaint, Defendant admits that Plaintiff submitted claims under the Abandonment provision of the Policy. Defendant lacks sufficient information and belief to admit or deny the remaining allegations contained in this Paragraph.

70.     Answering Paragraph 70 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained in this Paragraph.

71.     Answering Paragraph 71 of the Complaint, Defendant admits that government orders were issued which speak for themselves.  Defendant denies any additional allegations in this paragraph.

72.     Answering Paragraph 72 of the Complaint, Defendant admits that government orders were issued which speak for themselves.  Defendant denies any additional allegations in this paragraph.

73.     Answering Paragraph 73 of the Complaint, Defendant admits it sent a reservation of rights letter to Plaintiff regarding the *Kids' Choice Awards* claim, which speaks for itself. Defendant expressly denies the remaining allegations as contained in this Paragraph.

74.     Answering Paragraph 74 of the Complaint, Defendant admits that it issued correspondence which speaks for itself.  Defendant denies any additional

Selman Breitman LLP
ATTORNEYS AT LAW

13

1  allegations in this paragraph.

2      75.    Answering Paragraph 75 of the Complaint, Defendant admits that it

3  sent a letter dated October 29, 2020 which speaks for itself. Defendant denies any

4  remaining allegations in this paragraph.

5      76.    Answering Paragraph 76 of the Complaint, Defendant admits that it

6  sent a letter dated October 29, 2020 which speaks for itself. Defendant denies any

7  remaining allegations in this paragraph.

8      77.    Answering Paragraph 77 of the Complaint, Defendant admits that it

9  sent a "Supplemental Reservation of Rights Letter" dated December 7, 2020 which

10  speaks for itself. Defendant denies any remaining allegations in this paragraph.

11      78.    Answering Paragraph 78 of the Complaint, Defendant lacks sufficient

12  information and belief to admit or deny the allegations contained in this Paragraph.

13      79.    Answering Paragraph 79 of the Complaint, Defendant admits that it

14  received correspondence from Plaintiff's counsel explaining its position but denies

15  the remainder of the allegations contained in this Paragraph.

16      80.    Answering Paragraph 80 of the Complaint, Defendant expressly denies

17  the allegations contained in this Paragraph.

18      81.    Answering Paragraph 81 of the Complaint, Defendant denies these

19  allegations as to the claims and information presented to it to date.  To the extent

20  Plaintiff makes other claims after the filing of this Answer, Defendant lacks

21  sufficient information and belief to admit or deny the allegations contained in this

22  Paragraph, and therefore denies those allegations.

23      82.    Answering Paragraph 82 of the Complaint, Defendant admits that

24  Plaintiff is entitled to all benefits of insurance provided by the Policy, but subject to

25  its terms, definitions, exclusions, conditions and limitations.  Defendant expressly

26  denies the remaining allegations contained in this Paragraph.

27      83.    Answering Paragraph 83 of the Complaint, Defendant expressly denies

28  the allegations contained in this Paragraph.

14

DEFENDANT GREAT DIVIDE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM
CASE NO. 2:21-cv-00400-ODW (AFMx)

4892 49897 4824-4439-2159 .v3

## RESPONSE TO FIRST CAUSE OF ACTION

### (Allegations of Breach of Contract Regarding the Policy's Third Anniversary Period)

84. Answering Paragraph 84 of the Complaint, Defendant reasserts and incorporates by reference herein each response to each allegation in paragraphs 1 through 83, above.

85. Answering Paragraph 85 of the Complaint, Defendant expressly denies the allegations contained in this Paragraph.

86. Answering Paragraph 86 of the Complaint, Defendant expressly denies the allegations contained in this Paragraph.

87. Answering Paragraph 87 of the Complaint, Defendant expressly denies the allegations contained in this Paragraph.

## RESPONSE TO SECOND CAUSE OF ACTION

### (Allegations of Breach of Contract Regarding Coverage for Losses on Production)

88. Answering Paragraph 88 of the Complaint, Defendant reasserts and incorporates by reference herein each response to each allegation in paragraphs 1 through 83 above.

89. Answering Paragraph 89 of the Complaint, Defendant expressly denies the allegations contained in this Paragraph.

90. Answering Paragraph 90 of the Complaint, Defendant expressly denies the allegations contained in this Paragraph.

## RESPONSE TO THIRD CAUSE OF ACTION

### (Allegations of Breach of the Contract Regarding the *Kids' Choice Awards*)

91. Answering Paragraph 91 of the Complaint, Defendant reasserts and incorporates by reference herein each response to each allegation in paragraphs 1 through 83 above.

92. Answering Paragraph 92 of the Complaint, Defendant expressly denies

Selman Breitman LLP
ATTORNEYS AT LAW

4892 49897 4824-4439-2159 .v3

the allegations contained in this Paragraph.

93.    Answering Paragraph 93 of the Complaint, Defendant expressly denies the allegations contained in this Paragraph.

94.    Answering Paragraph 94 of the Complaint, Defendant expressly denies the allegations contained in this Paragraph.

## RESPONSE TO FOURTH CAUSE OF ACTION

### (Allegations of Anticipatory Breach of Contract)

95.    Answering Paragraph 95 of the Complaint, Defendant reasserts and incorporates by reference paragraphs 1 through 83 above.

96.    Answering Paragraph 96 of the Complaint, Defendant expressly denies the allegations contained in this Paragraph.

97.    Answering Paragraph 97 of the Complaint, Defendant expressly denies the allegations contained in this Paragraph.

98.    Answering Paragraph 98 of the Complaint, Defendant expressly denies the allegations contained in this Paragraph.

## RESPONSE TO FIFTH CAUSE OF ACTION

### (Allegations of Breach of the Implied Covenant of Good Faith and Fair Dealing)

99.    Answering Paragraph 99 of the Complaint, Defendant reasserts and incorporates by reference its responses to the allegations in paragraphs 1 through 98 above.

100.    Answering paragraph 100 of the Complaint, Defendant admits that it owes duties of good faith and fair dealing as articulated under the law.  Defendant denies any other allegations stated in this paragraph.

101.    Answering paragraph 101 of the Complaint, Defendant admits that it owes duties of good faith and fair dealing as articulated under the law.  Defendant denies any other allegations stated in this paragraph.

102.    Answering Paragraph 102 of the Complaint, Defendant denies all of the

16

Selman Breitman LLP
ATTORNEYS AT LAW

4892 49897 4824-4439-2159 .v3

allegations contained in this Paragraph.

103.   Answering Paragraph 103 of the Complaint, Defendant denies all of the allegations contained in this Paragraph.

104.   Answering Paragraph 104 of the Complaint, Defendant denies all of the allegations contained in this Paragraph.

105.   Answering Paragraph 105 of the Complaint, Defendant denies all of the allegations contained in this Paragraph.

106.   Answering Paragraph 106 of the Complaint, Defendant denies the entirety of the allegations contained in this Paragraph.

107.   Answering Paragraph 107 of the Complaint Defendant denies the entirety of the allegations contained in this Paragraph.

## RESPONSE TO SIXTH CAUSE OF ACTION

### (Allegations of Declaratory Relief Regarding Policy Renewal)

108.   Answering Paragraph 108 of the Complaint, Defendant reasserts and incorporates by reference herein each response to each allegation in paragraphs 1 through 107 above.

109.   Answering Paragraph 109 of the Complaint, Defendant admits that there is controversy between Plaintiff and Defendant.   Defendant denies the remaining allegations contained in this Paragraph.

110.   Defendant admits the allegations in Paragraph 110 of the Complaint.

111.   Answering Paragraph 111 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained in this Paragraph and as such, denies them in their entirety.

## RESPONSE TO SEVENTH CAUSE OF ACTION

### (Allegations of Declaratory Relief Regarding Coverage for Losses on Productions)

112.   Answering Paragraph 112 of the Complaint, Defendant reasserts and incorporates by reference its responses to the allegations in paragraphs 1 through

Selman Breitman LLP
ATTORNEYS AT LAW

17

4892 49897 4824-4439-2159 .v3

107 above.

113.    Answering Paragraph 113 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained in this Paragraph and as such, denies them in their entirety.

114.    Answering Paragraph 114 of the Complaint, Defendant admits that there is a dispute between the parties, but denies it has taken the position Plaintiff is not entitled to coverage for "much of its losses" because Plaintiff has failed to provide necessary information for many of its claims.

115.    Answering Paragraph 115 of the Complaint, Defendant admits that a controversy exists between Plaintiff and Defendant.  Defendant lacks sufficient information and belief to admit or deny the allegations contained in this Paragraph and as such, denies them in their entirety.

116.    Defendant admits the allegations in Paragraph 116 of the Complaint.

117.    Answering Paragraph 117 of the Complaint, Defendant lacks sufficient information and belief to admit or deny the allegations contained in this Paragraph and as such, denies them in their entirety.

## RESPONSE TO PRAYER FOR RELIEF

118.    Answering the Prayer for Relief, Defendant denies that Plaintiffs are entitled to the requested relief for the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action.

## AFFIRMATIVE DEFENSES

Defendant alleges and asserts the following defenses in response to Plaintiffs' allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, Defendant specifically reserves all rights to allege additional defenses that become known through the course of discovery or any other proceedings.

///

DEFENDANT GREAT DIVIDE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM
CASE NO. 2:21-cv-00400-ODW (AFMx)

Selman Breitman LLP
ATTORNEYS AT LAW

4892 49897 4824-4439-2159 .v3

**FURTHER, AS SEPARATE AFFIRMATIVE DEFENSES** to each and every claim for relief in the Complaint, this Answering Defendant is informed and believes, and on such information and belief, alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

119.   Plaintiffs' Complaint and each and every cause of action and request for damages fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

120.   GREAT DIVIDE owes no duty to the Plaintiffs beyond the terms of the insurance contract in force between them.

## THIRD AFFIRMATIVE DEFENSE

121.   GREAT DIVIDE has at all times relevant acted reasonably and in good faith in connection with the contract of insurance it issued to Plaintiffs.  No bad faith or other tortious breach of any policy or policies has occurred with respect to ViacomCBS' claims.

## FOURTH AFFIRMATIVE DEFENSE

122.   GREAT DIVIDE is informed and believes and thereon alleges that by reason of its own conduct, Plaintiffs are estopped from now asserting their claims against GREAT DIVIDE.

## FIFTH AFFIRMATIVE DEFENSE

123.   GREAT DIVIDE is informed and believes and thereon alleges that by reason of Plaintiffs ViacomCBS' own or ViacomCBS' agent's conduct and action, have waived and/or relinquished any right to assert the claims the Plaintiffs assert herein or to proceed against GREAT DIVIDE.

## SIXTH AFFIRMATIVE DEFENSE

124.   GREAT DIVIDE is informed and believes and thereon alleges that ViacomCBS is barred from maintaining this action or any recovery thereon or obtaining any relief from GREAT DIVIDE because of ViacomCBS' own or ViacomCBS' agent's unclean hands.

Selman Breitman LLP
ATTORNEYS AT LAW

4892 49897 4824-4439-2159 .v3

Selman Breitman LLP
ATTORNEYS AT LAW

## SEVENTH AFFIRMATIVE DEFENSE

125.   GREAT DIVIDE is informed and believes and thereon alleges that ViacomCBS' damages, if any, were proximately caused solely by the acts or omissions of ViacomCBS.

## EIGHTH AFFIRMATIVE DEFENSE

126.   GREAT DIVIDE is informed and believes and thereon alleges that, in the event GREAT DIVIDE is found liable for any damages, which GREAT DIVIDE disputes, GREAT DIVIDE is not liable for any amounts over and above the limits (or sublimits) stated in the Policy.

## NINTH AFFIRMATIVE DEFENSE

127.   GREAT DIVIDE is informed and believes and thereon alleges that any injury, damage or loss sustained by ViacomCBS, if such injury, damage or loss was sustained, happened or occurred, was proximately caused and contributed to by the actions or conduct of ViacomCBS and/or ViacomCBS' agents and/or representatives or some other third party or parties, whether parties to this action or not, in that they did not act reasonably and/or in the exercise of ordinary care with respect to the matters as issue.

## TENTH AFFIRMATIVE DEFENSE

128.   GREAT DIVIDE is informed and believes and thereon alleges that Plaintiffs are not entitled to any benefits because Plaintiffs' conduct and other actions (and the initiation of this lawsuit) have prevented Defendant from completing its coverage investigation; and therefore prevented Defendant from performing its duties and obligations under the contract of insurance.

## ELEVENTH AFFIRMATIVE DEFENSE

129.   GREAT DIVIDE is informed and believes and thereon alleges that ViacomCBS' causes of action are barred in whole or in part by the terms, exclusions, conditions and limitations contained in the Policy.

///

DEFENDANT GREAT DIVIDE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
CASE NO. 2:21-cv-00400-ODW (AFMx)

4892 49897 4824-4439-2159 .v3

Selman Breitman LLP
ATTORNEYS AT LAW

## TWELFTH AFFIRMATIVE DEFENSE

130.  GREAT DIVIDE alleges that some or all of the damages that ViacomCBS is seeking are not covered under the Policy issued by GREAT DIVIDE.

## THIRTEENTH AFFIRMATIVE DEFENSE

131.  GREAT DIVIDE is informed and believes and thereon alleges that Plaintiffs have failed to act reasonably to minimize, avoid or otherwise mitigate damages and, as a result, are barred or otherwise prevented from recovering damages proximately caused by ViacomCBS and/or ViacomCBS' agent's conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

132.  GREAT DIVIDE is informed and believes, and upon such information and belief, asserts that the damages, if any, which ViacomCBS' claims to have sustained as a result of the events and incidents alleged in the Complaint were proximately caused and contributed to by ViacomCBS failing to comply with conditions precedent to coverage, thus barring any recovery by the ViacomCBS in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

133.  GREAT DIVIDE denies that any act or omission to act on GREAT DIVIDE's part, or any act or omission to act on the part of any person or entity for whose acts or omissions GREAT DIVIDE is or may be established to be legally responsible, actually or proximately caused or contributed to in any matter or to any degree, any injuries, damages or losses, if any, for which recovery is sought by ViacomCBS.

## SIXTEENTH AFFIRMATIVE DEFENSE

134.  Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, and/or acquiescence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

135.  GREAT DIVIDE is informed and believes and thereon alleges that because there is no evidence of bad faith or tortious breach of contract, ViacomCBS

is not entitled to any attorney fees and/or costs under *Brandt v. Superior Court* (1985) 37 Cal.3d 813.

## EIGHTEENTH AFFIRMATIVE DEFENSE

136.   GREAT DIVIDE is informed and believes and thereon alleges that ViacomCBS' causes of action, and each of them, against GREAT DIVIDE are barred by the doctrine of laches.

## NINETEENTH AFFIRMATIVE DEFENSE

137.   GREAT DIVIDE is informed and believes and thereon alleges that ViacomCBS' causes of action, and each of them, against GREAT DIVIDE are barred by applicable statutes of limitation.

## TWENTIETH AFFIRMATIVE DEFENSE

138.   GREAT DIVIDE is informed and believes and thereon alleges that, to the extent that GREAT DIVIDE made any misrepresentations, which GREAT DIVIDE denies, ViacomCBS did not reasonably rely upon any such representation to its detriment, nor was ViacomCBS damaged by such.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

139.   The Policy contains several coverages and under Section III, Coverage B of the Policy, entitled EXTRA EXPENSE, states in the Insuring Agreement in relevant part as follows:

> We agree to pay to You such loss (as defined in Paragraph VII. below), not including loss of earnings or profit, as You sustain by reason of such extra expense as You necessarily incur in the event of the interruption, postponement or cancellation of an Insured Production as a direct result of . . . an extension of coverage (as defined in Paragraph V. B. below), in connection with an Insured Production and occurring during the term of coverage (as defined in Paragraph IV. below).
> Section V. of the Extra Expense form, entitled Perils Insured, states in relevant part as follows:
> A. This coverage insures against all risks of direct physical loss or damage to the property- covered from any external cause, except as hereinafter excluded.

DEFENDANT GREAT DIVIDE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
CASE NO. 2:21-cv-00400-ODW (AFMx)

Selman Breitman LLP
ATTORNEYS AT LAW

4892 49897 4824-4439-2159 .v3

B.  In addition, this coverage is extended to insure against the following

. . .

4. interruption, postponement or cancellation of an Insured Production as a direct result of the action of a Civil or Military Authority that revokes Your permission to use or prohibits access to property or facilities within Your care, custody or control used or to be used in connection with an Insured Production and occurring during the term of coverage, subject to the sublimit of liability stated on the COVERAGE SCHEDULE . . .. Specifically,

5.  "imminent peril", defined as certain, immediate and impending danger of such probability and severity to persons or property that it would be unreasonable or unconscionable to ignore, subject to the sub limit of liability stated on the COVERAGE SCHEDULE for Imminent Peril and the following:

a.    Any expenses incurred to avoid a loss resulting from imminent peril are covered to the extent that they serve to avoid a loss otherwise covered under this extension of coverage.

b.    Except as provided above, this extension does not negate the applicability of the basic terms and conditions of:

. . .

ii.    the Cast coverage in the event that an imminent peril results in death, injury or sickness of a Covered Person, in which case a separate claim will result from the consequential loss as described above.

. . .

8.  Producer's Indemnity coverage defined as any risks of loss that manifest and first occur during the term of coverage of an Insured Production that are beyond the control of any of the following "Yon", "Insured Production Entity", contracted party. Covered Person, and Your agents, representatives or contractors, subject to the sub limit of liability stated on the COVERAGE SCHEDULE for Producer's Indemnity[.]

Selman Breitman LLP
ATTORNEYS AT LAW

4892 49897 4824-4439-2159 .v3

Section VII of the Extra Expense form in the Policy includes the following relevant Definition of Loss provisions:

A.  Loss, as used in this coverage, means any extra expenditure incurred by You in completing an Insured Production, over and above the expenditure, which, but for the happening of any one or more of the occurrences specified in Paragraph I, would have been incurred in completing said Insured Production., or such actual expenditure incurred by You in an Insured Production solely and directly by reason of the happening of an occurrence or occurrences as specified in Paragraph I. Extra expenditure refers to the same costs defined in CONDITIONS APPLICABLE TO ALL SECTIONS, II. DEFINITIONS, E. Insurable Production Costs.

B.  In the event that the happening of one or more of the occurrences specified in Paragraph I. above reasonably, practically and necessarily prevents the completion of an Insured Production irrespective of any completion or delivery date requirements, You will have the right to abandon production and claim under this coverage for such actual expenditures You incur in an Insured Production solely and directly by reason of the happening of one or more of the occurrences specified in Paragraph I. above, subject to CONDITIONS APPLICABLE TO ALL SECTIONS, I. GENERAL CONDITIONS of this policy.

. . .

The Policy also contains the following language:

"VI. PERILS NOT INSURED

G. loss, destruction or damage caused by or resulting from delay, loss of market or use, interruption of business or other consequential loss extending beyond direct physical loss or damage"

Applying these policy provisions to the numerous claims for losses Plaintiffs' allegedly sustained, GREAT DIVIDE asserts that none of the losses are covered and/or are limited according to the terms, conditions and sub limits set forth under the above cited coverage forms.  Plaintiffs have not established that their "losses" meet the definition(s) of Loss as defined above and as such, coverage has not been established.

24

DEFENDANT GREAT DIVIDE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
CASE NO. 2:21-cv-00400-ODW (AFMx)

Selman Breitman LLP
ATTORNEYS AT LAW

Selman Breitman LLP
ATTORNEYS AT LAW

## TWENTY-SECOND AFFIRMATIVE DEFENSE

140.   The Policy also contains the following language:

Exclusions under the Producer's Indemnity

i. Any condition that existed or first manifested itself prior to the term of coverage afforded under this policy.

. . .

n.  any other section of this policy that provides coverage in any manner;

o.  breach of contract unless covered by a peril not otherwise excluded[.]

Plaintiff's alleged losses are not covered under the Policy per these provisions in addition to the ones cited and relied upon above.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

141.   Plaintiffs' claims (and its bad faith claims) are barred because of the genuine dispute doctrine.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

142.    To the extent GREAT DIVIDE withheld any alleged benefits that may have been due under any insurance issued by GREAT DIVIDE, the conduct of GREAT DIVIDE was neither unreasonable nor without proper cause.  Accordingly, Plaintiffs' allegations of bad faith are barred, in whole or in part.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

143.   To the extent GREAT DIVIDE withheld any alleged benefits that may have been due under any insurance issued by GREAT DIVIDE, plaintiffs nonetheless may not recover any sums for the breach of the implied covenant of good faith because the conduct of GREAT DIVIDE was not the legal cause of any damages suffered by the plaintiffs.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

144.   GREAT DIVIDE alleges that ViacomCBS have no right to assert or

25

DEFENDANT GREAT DIVIDE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM
CASE NO. 2:21-cv-00400-ODW (AFMx)

4892 49897 4824-4439-2159 .v3

maintain any claim against GREAT DIVIDE to the extent that they have failed to perform all of their obligations under any insurance policies allegedly issued by GREAT DIVIDE.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

145.   GREAT DIVIDE alleges that ViacomCBS have no right to assert or maintain any claim against GREAT DIVIDE to the extent that ViacomCBS had notice of the conditions, events, or damages referred to in the Complaint, and each purported cause of action set forth therein, but failed to give timely notice to GREAT DIVIDE in accordance with the terms of any insurance policies allegedly issued by GREAT DIVIDE.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

146.   GREAT DIVIDE alleges that its conduct was privileged in accordance with the standards of the insurance industry and GREAT DIVIDE's business, and its conduct was undertaken in good faith based upon the representations of others, including plaintiffs and their agents, employees, and authorized representatives.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

147.   GREAT DIVIDE was entitled to assert its legal rights under the Policy, with a good faith belief in the existence of those rights and thus, GREAT DIVIDE's conduct with respect to the subject matter of Plaintiffs' Complaint is privileged.

## THIRTIETH AFFIRMATIVE DEFENSE

148.   GREAT DIVIDE alleges that Plaintiffs have not suffered damages or loss in connection with the *Kids' Choice Awards* as alleged.  GREAT DIVIDE, upon information and belief, contends that the *Kids' Choice Awards* was a financially successful production and posted solid ratings over its premiere weekend, reaching 2.4 million viewers in Live+3 in five telecasts across Nickelodeon, Nick Jr., TeenNick and Nicktoons.  GREAT DIVIDE also asserts that the *Kids' Choice Awards'* telecast posted double-digit year-over-year gains, up +25% with Kids 6-11 (2.0/249K) and +21% with Kids 2-11 (1.7/340K) and drew 850K total viewers, up

Selman Breitman LLP
ATTORNEYS AT LAW

26

DEFENDANT GREAT DIVIDE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
CASE NO. 2:21-cv-00400-ODW (AFMx)

4892 49897 4824-4439-2159.v3

+30%. The telecast also posted double-digit increases over prior 4 weeks up +11% with Kids 6-11, +13% with Kids 2-11 and +39% with total viewers. In industry terms and standards, this Covid-19 produced production was not only a financial success but surpassed prior years and therefore, did not constitute a "loss" for this specific production.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

149. GREAT DIVIDE alleges that it did not breach the contract of insurance because according to Endorsement 6 of the Policy entitled Anniversary Policy Period and Ratings Review, GREAT DIVIDE guaranteed that it would "lock-in" the premium rates for the first two years of the Policy but that it was entitled to review the premiums for the 3rd policy period. As such, and pursuant to this endorsement, GREAT DIVIDE did not breach the contract as alleged.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

150. GREAT DIVIDE alleges that Plaintiffs have failed to comply with its duties and obligations to timely provide information and documentation as requested. Because of Plaintiffs non-compliance, it cannot file suit against GREAT DIVIDE pursuant to Conditions Applicable to All Section, C. Action Against Us detailed in the Policy.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

151. GREAT DIVIDE alleges that, if any loss or damage is deemed to be covered under The Policy, and is also covered, in whole or in part, under any other insurance policy or policies the limits of liability applicable to the Policy shall, in accordance with applicable terms, be reduced by, or be in excess of any amount due to the plaintiffs account of such loss under such other insurance.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

152. GREAT DIVIDE alleges that this matter is not ripe for adjudication under Federal Rule of Civil Procedure 12(b)6 because there has been no breach of contract and therefore no justiciable controversy requiring court involvement.

Selman Breitman LLP
ATTORNEYS AT LAW

4892 49897 4824-4439-2159 .v3

1  GREAT DIVIDE has not declined Plaintiffs' "losses" and therefore, there is no

2  actual controversy to adjudicate.

3  **THIRTY-FIFTH AFFIRMATIVE DEFENSE**

4  153.   GREAT DIVIDE alleges that the facts alleged in the Plaintiffs'

5  Complaint do not support a claim for an award of attorney's fees and/or costs.

6  **THIRTY-SIXTH AFFIRMATIVE DEFENSE**

7  154.   GREAT DIVIDE alleges that Plaintiffs have not complied with the

8  requirements under Civil Code §3295 because it has failed to identify an officer,

9  director or managing agent of GREAT DIVIDE that ratified the alleged tortious

10  breach of the contract justifying an award of punitive damages.

11  **THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

12  155.   GREAT DIVIDE asserts that it has not anticipatorily breached the

13  insurance contract it issued to Plaintiffs and instead, Plaintiffs have anticipatorily

14  repudiated the terms and conditions of the Policy by instituting this action and failing

15  to comply with its duties and obligations.

16  **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

17  156.   GREAT DIVIDE alleges that Plaintiffs have made material

18  misrepresentations in connection with the presentation of information relative to

19  their alleged losses and/or acted deceitfully or fraudulently in connection with the

20  procurement of the contract of insurance and in their communication with GREAT

21  DIVIDE and its agents during the claim process.

22  **THIRTY-NINTH AFFIRMATIVE DEFENSE**

23  157.   GREAT DIVIDE alleges that the legal principle of Statute of Frauds

24  precludes Plaintiffs from recovering any damages from GREAT DIVIDE.

25  **FORTIETH AFFIRMATIVE DEFENSE**

26  158.   GREAT DIVIDE alleges that the insurance contract is void because of

27  frustration of purpose.

28  ///

Selman Breitman LLP
ATTORNEYS AT LAW

4892 49897 4824-4439-2159 .v3

## **FORTY-FIRST AFFIRMATIVE DEFENSE**

159.   GREAT DIVIDE alleges that the contract of insurance cannot be enforced and therefore cannot be breached because of the equitable principles of equitable, judicial and promissory estoppel.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant GREAT DIVIDE Insurance Company prays for judgment against ViacomCBS as follows:

1. That ViacomCBS recover nothing from GREAT DIVIDE pursuant to its Complaint;

2. For a declaration that GREAT DIVIDE owes no policy benefits to ViacomCBS as alleged in this complaint.

3. That GREAT DIVIDE be awarded reasonable attorneys' fees, costs and expenses incurred because of the filing of the Complaint herein; and

4. That GREAT DIVIDE is awarded such other and further relief as the court deems just and proper.

4892 49897 4824-4439-2159 .v3

## <u>GREAT DIVIDE INSURANCE COMPANY'S COUNTERCLAIM</u>

Defendant/Counterclaimant GREAT DIVIDE INSURANCE COMPANY ("GREAT DIVIDE") by their attorneys, and for their Counterclaim for Declaratory Relief against Counter-Defendants Viacom International Inc., ViacomCBS Inc. (collectively "Viacom") and DOES 1 through 50, allege as follows:

## I.    <u>INTRODUCTION</u>

1.    This is a declaratory relief action pursuant to 28 U.S.C. §2201 seeking a judicial determination of the amount of coverage available for Viacom's alleged losses under the Policy written by Viacom and/or its agents, and issued by GREAT DIVIDE to Viacom International, Inc. for the policy period 2019-2020.  GREAT DIVIDE also seeks a judicial determination regarding the renewal of the Policy for the 2020-2021 policy period.

2.    Based upon information and belief, Viacom is a global entertainment company that creates and distributes television content in a variety of platforms worldwide.  It partners with third party production companies and produces television and cable shows and live events including, but not limited to, Nickelodeon's *Kids' Choice Awards*, Making the Band, The Other Two 2, Nick Knowles Castaway/Channel 5 productions, Rich Kids Go Skint, Yellowstone and Younger.[1]

3.    Based upon information and belief and due to the rapid spread of COVID-19 beginning in early 2020 and continuing throughout 2021, Viacom and/or its third party production companies tendered a number of claims to GREAT DIVIDE in connection with "losses" it claimed it incurred because of the sudden "halt" of production of certain of its television productions.  Viacom claims that it lost millions of dollars due to the interruption, postponement or cancellation of its productions.

---

[1] Some of these television products air in both the United States and the United Kingston and some solely air within the United Kingdom.

DEFENDANT GREAT DIVIDE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
CASE NO. 2:21-cv-00400-ODW (AFMx)

4892 49897 4824-4439-2159 .v3

4.      In connection with the tender of these claims for "losses" under the Policy, GREAT DIVIDE acknowledged receipt of the tender of the various claims as they were tendered, and where applicable and appropriate, issued reservation of rights letters which included requests for information and documentation.

5.      As part of its coverage investigation into the alleged losses sustained by Viacom, GREAT DIVIDE requested information and documentation seeking to understand the specific amount and type of pecuniary losses allegedly sustained by Viacom in connection with the interruption, postponement and/or cancellation of certain television and other media shows in order to enable it to "adjust" the claims and make payments for any covered damages.

6.      Between May 2020 and January 2021, GREAT DIVIDE issued acknowledgment of claims, and initial reservation of rights correspondence, and as additional and new information was provided, issued supplemental reservation of rights letters (collectively, the "RORs") to Viacom.  In all of its RORs, GREAT DIVIDE sought information and documentation to substantiate the claims. Specifically, GREAT DIVIDE requested information on all the television shows for which Viacom sought coverage for losses.  GREAT DIVIDE requested information on whether the various productions had been either abandoned/cancelled or postponed to a later production time period, and whether additional expenses have been documented/incurred as a result of the interruption, postponement or cancellation of the production(s).

7.      Viacom responded and provided some, but not all, information on some of the productions, and failed to provide any information on some of the others despite repeated requests.

8.      Without waiting for GREAT DIVIDE to complete its coverage investigation, on January 14, 2021, Viacom prematurely filed its Complaint in this action [DKT #1].    Viacom alleges breaches of contract, anticipatory breach of

DEFENDANT GREAT DIVIDE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
CASE NO. 2:21-cv-00400-ODW (AFMx)

4892 49897 4824-4439-2159 .v3

contract, bad faith, a request for declaratory relief, and a demand for punitive damages. [*Id.*]

## JURISDICTION AND VENUE

9.     GREAT DIVIDE realleges and incorporates by reference herein each allegation contained in Paragraphs 1-8.

10.     This Court has subject matter jurisdiction under 28 U.S.C. 1332 based upon complete diversity of citizenship between the parties and because the amount in controversy, exclusive of costs, exceeds $75,000.00.

11.     Venue is proper in the Central District of California because a substantial part of the events, failures, omissions and/or actions giving rise to the bringing of this Counterclaim occurred in this district.

## THE PARTIES

12.     GREAT DIVIDE is incorporated in North Dakota, with its administrative office in Iowa and GREAT DIVIDE was licensed to transact and transacted business in California at all relevant times.     13.     Based     upon information and belief and on that basis, GREAT DIVIDE alleges that Viacom is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York.

## THE 2019-2020 GREAT DIVIDE POLICY

13.     GREAT DIVIDE issued policy number CIM 7508608-11 to Named Insured "Viacom International, Inc" effective December 1, 2019 to December 1, 2020 (the "Policy").[2]

14.     The Coverage Schedule in the Policy includes the following List of Coverages, Limits of Liability for any one loss/any one declared production, and Deductibles for each loss:

[2] GREAT DIVIDE issued (3) one-year consecutive policies to Named Insured Viacom International, Inc., and not Viacom CBS, Inc., however ViacomCBS is listed as an Additional Insured.  The 1st policy was effective from December 1, 2018-December 1, 2019, the 2nd policy was effective from December 1, 2019-December 1, 2020 (the "Policy") and the 3rd policy was effective on December 1, 2020-December 1, 2021 (the "Renewal Policy").

Selman Breitman LLP
ATTORNEYS AT LAW

4892 49897 4824-4439-2159 .v3

| Coverage | Limit of Liability | Deductible |
|---|---|---|
| CAST | $30 million for Covered Persons | $10,000 |
| *Undeclared Cast sublimit* | $1 million | $10,000 |
| EXTRA EXPENSE | $10 million | $5,000 |
| *Civil & Military Authority sublimit* | $1 million | $5,000 |
| *Civil & Military Authority Travel Delay sublimit* | $1 million | $5,000 |
| *Imminent Peril sublimit* | $10 million | $5,000 |
| *Producer's Indemnity sublimit* | $750,000 | $50,000 |

15.   The Policy includes a separate Coverage Schedule for Channel 5 Productions in relevant part as follows:

| Coverage | Limit of Liability | Deductible |
|---|---|---|
| CAST – Covered Persons | £10,000,000 Not to exceed USD$30,000,000 | 10% of Loss Minimum Deductible £500 Maximum Deductible £3,000 |
| *Undeclared Cast sublimit* | £500,000 Not to exceed USD$1,000,000 | 10% of Loss Minimum Deductible £500 Maximum Deductible £3,000 |
| EXTRA EXPENSE | £2,000,000 Not to exceed USDS 10,000,000 | £750 |
| *Civil & Military Authority sublimit* | £500,000 Not to exceed USDS1,000,000 | £750 |
| *Civil & Military Authority Travel Delay sublimit* | £500,000 Not to exceed USDS1,000,000 | £750 |
| *Imminent Peril sublimit* | £500,000 Not to exceed USDS1,000,000 | £750 |
| *Producer's Indemnity sublimit* | £250,000 Not to exceed USD$500,000 | £10,000 |

4892 49897 4824-4439-2159 .v3

All losses covered under the Policy are subject to a $1,500,000 annual aggregate Self-Insured Retention ("SIR").

16.     The Policy includes the following relevant Conditions Applicable to all Sections of the Policy[3]:

A.     ABANDONMENT

1. Should a covered loss result in an abandonment, during the term of coverage, under any Section of this policy, You shall not be required to surrender to Us any underlying rights in the Insured Production. However, as a condition of any abandonment under this policy, it is stipulated and agreed that you will not utilize or disseminate or cause to be disseminated or allow any person, other party or entity' at your direction or under Your control to utilize or disseminate any of the footage of the Insured Production for any other use or purpose, without Our express written consent.

2.  We agree to increase the policy limits on the applicable coverage by the amount actually incurred for all owned or licensed rights, titles and interests in all documents, underlying works, copyrights and all related material of the Insured Production, if surrendered to Us. As consideration for the increased limits, a premium charge may be assessed at Our discretion based on the rate charged for the original policy against the value of the rights obtained.

. . .

L. DUE DILIGENCE CLAUSE

You shall use due diligence and do and concur in doing all things reasonably practicable to avoid or diminish any loss or any circumstances likely to give rise to a loss or claim insured under this policy. This policy will indemnify You for Your ascertained net loss of additional incurred expenses and/or increased costs necessarily incurred by You to avoid or diminish any such loss or claim, subject to any Deductible provision stated on the COVERAGE SCHEDULE; provided however, that in no circumstances will Our maximum liability under this policy be greater than the sum insured as declared, or that which would have been incurred had You not incurred said increased

---

[3] GDICGREAT DIVIDE reserves the right to amend this counterclaim if it determines that other coverage forms are potentially triggered under the Policy for Viacom's claims.

Selman Breitman LLP
ATTORNEYS AT LAW

costs and/or additional out-of-pocket expenses, or in any event exceed the limits of liability of this policy.

17.    The Definitions section of the Policy includes the following potentially relevant Definition:

A. Covered Person means any artist, host, Participant, panelist, director, producer, executive producer, showrunner, creator, writer, animal, animator, special effects or camera personnel or any other individual You deem to be necessary to complete the Insured Production.

18.    Section I of the Policy, "CAST," states as follows in the Insuring Agreement:

A. We agree to pay to You such loss (as defined in Paragraph XT. below), as You directly and solely sustain by reason of any Covered Person (as defined in II. Definitions A.) being necessarily prevented by their death, injury or sickness, occurring during the term of insurance afforded by this Section, from commencing or continuing or completing their respective duties in an Insured Production.

. . .

B.  Coverage is extended to include loss (as defined in Paragraph VI. below) as You directly and solely sustain by reason of any undeclared person, meaning any member of the cast that has not been declared for Cast coverage, being necessarily prevented by their death, injury or sickness, occurring during the term of the insurance afforded by this Section, from commencing or continuing or completing their respective duties or performance(s) in an Insured Production, hereinafter referred to as "Undeclared Cast" coverage.

19.    The Cast coverage form includes the following relevant Definition of Loss:

A. Loss, as used in this Section, means any extra expenditure . . . You incur in completing an Insured Production over and above the expenditure which, but for the happening of any one or more of the occurrences specified in Paragraph I. above, would have been incurred in completing said production.

B.  In the event that the happening of one or more of the occurrences specified in Paragraph I. reasonably, practically and necessarily

35

Selman Breitman LLP
ATTORNEYS AT LAW

4892 49897 4824-4439-2159 .v3

prevents the completion of an Insured Production irrespective of any completion or delivery date requirements You will have the right to abandon the production and claim under this Section for such actual expenditures You incur in an Insured Production solely and directly by reason of the happening of one or more of the occurrences specified in Paragraph I. above, subject to CONDITIONS APPLICABLE TO ALL SECTIONS, I. GENERAL CONDITIONS of this policy.

20.     Section III, Coverage B of the Policy, entitled EXTRA EXPENSE, states in the Insuring Agreement in relevant part as follows:

We agree to pay to You such loss (as defined in Paragraph VII. below), not including loss of earnings or profit, as You sustain by reason of such extra expense as You necessarily incur in the event of the interruption, postponement or cancellation of an Insured Production as a direct result of . . . an extension of coverage (as defined in Paragraph V. B. below), in connection with an Insured Production and occurring during the term of coverage (as defined in Paragraph IV. below).

21.     Paragraph V. of the Extra Expense form, entitled Perils Insured, states in relevant part as follows:

A. This coverage insures against all risks of direct physical loss or damage to the property- covered from any external cause, except as hereinafter excluded.

B.  In addition, this coverage is extended to insure against the following

. . .

4. interruption, postponement or cancellation of an Insured Production as a direct result of the action of a Civil or Military Authority that revokes Your permission to use or prohibits access to property or facilities within Your care, custody or control used or to be used in connection with an Insured Production and occurring during the term of coverage, subject to the sublimit of liability stated on the COVERAGE SCHEDULE . . .

. . .

DEFENDANT GREAT DIVIDE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
CASE NO. 2:21-cv-00400-ODW (AFMx)

Selman Breitman LLP
ATTORNEYS AT LAW

4892 49897 4824-4439-2159 .v3

5. "imminent peril", defined as certain, immediate and impending danger of such probability and severity to persons or property that it would be unreasonable or unconscionable to ignore, subject to the sub limit of liability stated on the COVERAGE SCHEDULE for Imminent Peril and the following:

   a.   Any expenses incurred to avoid a loss resulting from imminent peril are covered to the extent that they serve to avoid a loss otherwise covered under this extension of coverage.

   b.   Except as provided above, this extension does not negate the applicability of the basic terms and conditions of:

. . .

   ii.   the Cast coverage in the event that an imminent peril results in death, injury or sickness of a Covered Person, in which case a separate claim will result from the consequential loss as described above.

. . .

8.   Producer's Indemnity coverage defined as any risks of loss that manifest and first occur during the term of coverage of an Insured Production that are beyond the control of any of the following "Yon", "Insured Production Entity", contracted party. Covered Person, and Your agents, representatives or contractors, subject to the sub limit of liability stated on the COVERAGE SCHEDULE for Producer's Indemnity[.]

22.   Paragraph VII of the Extra Expense form in the Policy includes the following relevant Definition of Loss provisions:

A. Loss, as used in this coverage, means any extra expenditure incurred by You in completing an Insured Production, over and above the expenditure, which, but for the happening of any one or more of the occurrences specified in Paragraph I, would have been incurred in completing said Insured Production., or such actual expenditure incurred by You in an Insured Production solely and directly by reason of the happening of an occurrence or occurrences as specified in Paragraph I. Extra expenditure refers to the same costs defined in

Selman Breitman LLP
ATTORNEYS AT LAW

CONDITIONS APPLICABLE TO ALL SECTIONS, II. DEFINITIONS, E. Insurable Production Costs.

B.  In the event that the happening of one or more of the occurrences specified in Paragraph I. above reasonably, practically and necessarily prevents the completion of an Insured Production irrespective of any completion or delivery date requirements, You will have the right to abandon production and claim under this coverage for such actual expenditures You incur in an Insured Production solely and directly by reason of the happening of one or more of the occurrences specified in Paragraph I. above, subject to CONDITIONS APPLICABLE TO ALL SECTIONS, I. GENERAL CONDITIONS of this policy.

23.    Endorsement No. 11 in the Policy, entitled EXTENSION OF COVERAGE - CLAIM PREPARATION EXPENSE, states as follows:

It is hereby understood and agreed that We will pay the reasonable and necessary claim preparation expenses to substantiate a loss covered by this policy up to an amount of $25,000. This limit is separate from and not part of any other applicable limits for coverage.

## **THE PRODUCTIONS**

24.    Based upon information and belief, Viacom has tendered a number of claims for "losses" in connection with the various productions affected by the COVID-19 pandemic.  Examples include the following productions:

**a.**:    **Rick Kids Go Skint**. This claim was made on or about January 28, 2021.  This production was to be a series following one "rich kid" (aged 18-25 years old) living and spending time with a family that was "living on the breadline." It was to show the difference in lifestyles and how people from different walks of life interact with each other.  To date, Viacom has not advised GREAT DIVIDE whether this production has been postponed or cancelled, and has not provided documentation supporting any "extra expense" losses.

**b.**:    **Making The Band.** Making the Band is a reality television series.  It is GREAT DIVIDE's understanding that the insureds involved in this

Selman Breitman LLP
ATTORNEYS AT LAW

4892 49897 4824-4439-2159 .v3

Selman Breitman LLP

ATTORNEYS AT LAW

1  matter include Viacom, Entertainment One, and That Show Productions, Inc.

2  GREAT DIVIDE received this claim on or about May 7, 2020.   In an

3  acknowledgement letter sent that day, GREAT DIVIDE requested information to

4  support the "loss."  On January 14, 2021, GREAT DIVIDE sent an email to Viacom

5  to follow up on obtaining the above-requested information. Another follow up letter

6  was sent on January 22, 2021. To date, Viacom has not provided the requested

7  information.

8        **c.:**    **The Other Two 2 (Season Two).** According to IMDB.com, this

9  production was about "an aspiring actor and his sister Brooke, a former professional

10  dancer, [who] try to find their place in the world while wrestling with their feelings

11  about their 13-year-old brother Chase's sudden rise to internet fame." The production

12  company on this matter was Jax Media.  This claim was first reported to GREAT

13  DIVIDE on or about June 25, 2020.  On October 30, 2020, Jon Nemeth of Jax Media

14  advised that the best estimate of extra expense loss at that time was $3 million "but,

15  as you know, we won't have a reliable total cost of the claim until we're on the other

16  side of this and we've ramped back up to production, which has not yet occurred."

17        **d.:**    **Nick Knowles Castaway/Channel 5 Productions** This show

18  centered around the 57-year-old host and observing him live in the middle of

19  nowhere and forced to survive (femalefirst.co.uk).  GREAT DIVIDE was provided

20  with a copy of an Agreement for this planned production dated March 20, 2020

21  between Channel 5 Broadcasting Limited ("Channel 5") and Burning Bright

22  Productions Limited ("Burning Bright"), the producer.  The production was to be

23  for two (2) episodes (not a returning series). On July 16, 2020, Channel 5 gave

24  Burning Bright legal notice of termination of the production under the Force Majeure

25  provisions in the Agreement.  To date, GREAT DIVIDE has received no information

26  on whether this production has been postponed or cancelled, or any documentation

27  of "extra expense" losses.

28  ///

39

DEFENDANT GREAT DIVIDE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM
CASE NO. 2:21-cv-00400-ODW (AFMx)

4892 49897 4824-4439-2159 .v3

# FIRST CAUSE OF ACTION

## (Declaratory Relief-Due Diligence Clause

25.     GREAT DIVIDE realleges and incorporates by reference herein each allegation contained in Paragraphs 1-19.

26.     The Due Diligence condition states in relevant part as follows:

L.  DUE DILIGENCE CLAUSE

. . . This policy will indemnify You for Your ascertained net loss of **additional** incurred expenses and/or **increased** costs necessarily incurred by You to avoid or diminish any such loss or claim, subject to any Deductible provision stated on THE COVERAGE SCHEDULE; provided however, that in no circumstances will Our maximum liability under this policy be greater than the sum insured as declared, or that which would have been incurred had You not incurred said **increased** costs and/or **additional** out-of-pocket expenses, or in any event exceed the limits of liability of this policy.

27.     An actual and justiciable controversy exists between GREAT DIVIDE and Viacom regarding the scope of coverage available under the Due Diligence Clause. GREAT DIVIDE contends that it may be responsible to indemnify Viacom for additional incurred expenses and/or increased costs necessarily incurred by Viacom to avoid or diminish a loss or claim.  GREAT DIVIDE is informed and believes and thereon alleges that Viacom claims it is entitled to indemnity for all expenses and/or costs incurred **before** the subject production had to be postponed and/or cancelled due to COVID-19.

28.     Because of these different coverage positions, based on policy language written by Viacom and/or its agents, a true and ripe controversy exists as to the rights and obligations of GREAT DIVIDE and Viacom under the Policy.

29.     GREAT DIVIDE seeks a judicial declaration of its rights and duties under the Due Diligence Clause.  Such a judicial declaration is necessary and appropriate at this time in view of the controversy and genuine dispute between GREAT         DIVIDE         and         Viacom         as         described         above.

30.     The Court is vested with the power in the instant case and GREAT

Selman Breitman LLP
ATTORNEYS AT LAW

4892 49897 4824-4439-2159 v.3

DIVIDE hereby respectfully requests a judicial determination and declaratory judgment of its rights and duties under the Due Diligence Clause.

## **SECOND CAUSE OF ACTION**

## **(Declaratory Relief-  "Imminent Peril" Coverage Is Not Triggered By The Claims)**

31.    GREAT DIVIDE realleges and incorporates by reference herein each allegation contained in Paragraphs 1-25.

32.    GREAT DIVIDE owes no duty to indemnify Viacom for any of its alleged losses under the Imminent Peril Coverage which provides:

V.  PERILS INSURED

. . .

B. . . . this coverage is extended to insure against the following:

. . .

5.    "imminent peril", defined as certain, immediate and impending danger of such probability and severity to persons or property that it would be unreasonable or unconscionable to ignore, subject to the sub-limit of liability stated on the COVERAGE SCHEDULE for Imminent Peril and the following:

　　a.    Any expenses incurred to avoid a loss resulting from imminent peril are covered to the extent that they serve to avoid a loss otherwise covered under this extension of coverage.
　　b.    Except as provided above, this extension does not negate the applicability of the basic terms and conditions of:
　　. . .
　　ii.    the Cast coverage in the event that an imminent peril results in death, injury or sickness of a Covered Person, in which case a separate claim will result from the consequential loss as described above.

33.    An actual and justiciable controversy exists between GREAT DIVIDE and Viacom with respect to the Imminent Peril coverage. On information and belief, Viacom contends GREAT DIVIDE is obligated under the Policy to indemnify it under the Imminent Peril coverage.  However, GREAT DIVIDE contends it is not

Selman Breitman LLP
ATTORNEYS AT LAW

4892 49897 4824-4439-2159 .v3

obligated to indemnify Viacom under the Imminent Peril coverage because there is no proof of "a certain, immediate and impending danger of such probability and severity to persons or property that it would be unreasonable or unconscionable to ignore . . ."

34.     Because GREAT DIVIDE asserts that it owes no duty to indemnity Viacom under the Imminent Peril coverage, a true and ripe controversy exists as to the rights and obligations of GREAT DIVIDE and Viacom under the Policy.

35.     GREAT DIVIDE seeks a judicial declaration that it does not owe a duty to indemnify Viacom for any of the claims it has tendered for "losses" under the Imminent Peril coverage.   Such a judicial declaration is necessary and appropriate at this time in view of the controversy and genuine dispute between GREAT DIVIDE and Viacom, as described above.

36.     The Court is vested with the power in the instant case and GREAT DIVIDE hereby respectfully requests a judicial determination and declaratory judgment of its rights under the Imminent Peril coverage as written by Viacom and or its agents.

### THIRD CAUSE OF ACTION

### (Declaratory Relief-Insuring Agreement for Extra Expense Coverage)

37.     GREAT DIVIDE realleges and incorporates by reference herein each allegation contained in Paragraphs 1-31.

38.     The Insuring Agreement for Extra Expense states in relevant part as follows:

> We agree to pay to You such loss . . . not including loss of earnings or profit, as You sustain by reason of such **extra expense** as You necessarily incur in the event of the interruption, postponement or cancellation of an Insured Production . . .

39.     An actual and justiciable controversy exists between GREAT DIVIDE and Viacom with respect to the meaning of the Insuring Agreement for the Extra Expense Coverage, as that language was drafted by Viacom and/or its agents. On

Selman Breitman LLP
ATTORNEYS AT LAW

42

4892 49897 4824-4439-2159 v3

information and belief, Viacom contends GREAT DIVIDE is obligated under the Insuring Agreement for Extra Expense to indemnify it  for the amounts paid for a production **before** either (1) damage to or destruction of property or facilities used or to be used by Viacom and caused by an insured peril, or (2) as a direct result of an extension of coverage.  However, GREAT DIVIDE contends it may be obligated to indemnify Viacom for any extra expense it may incur **following** a covered cause of loss.

40.     Because of the above, a true and ripe controversy exists as to the rights and obligations of GREAT DIVIDE and Viacom under the Insuring Agreement of the Extra Expense Coverage in the Policy.

41.     GREAT DIVIDE seeks a judicial declaration that it does not owe a duty to indemnify Viacom for expenses incurred before any covered cause of loss. Such a judicial declaration is necessary and appropriate at this time in view of the controversy and genuine dispute between GREAT DIVIDE and Viacom, as described above.

42.     The Court is vested with the power in the instant case and GREAT DIVIDE hereby respectfully requests a judicial determination and declaratory judgment of its rights.  Specifically, GREAT DIVIDE requests a declaration that it owes no duty to indemnify Viacom for anything other than the "extra expense" it may have incurred following a covered cause of loss.

## FOURTH CAUSE OF ACTION

## (Declaratory Relief- No Coverage For Claims That Do Not Meet Definition of "Loss")

43.     GREAT DIVIDE realleges and incorporates by reference herein each allegation contained in Paragraphs 1-37.

44.     Paragraph VII of the Extra Expense form in the Policy includes the following relevant Definition of Loss provisions:

Selman Breitman LLP
ATTORNEYS AT LAW

A.  Loss, as used in this coverage, means any **extra expenditure** incurred by You in completing an Insured Production, **over and above the expenditure, which**, but for the happening of any one or more of the occurrences specified in Paragraph I, **would have been incurred in completing said Insured Production**., or such **actual expenditure** incurred by You in an Insured Production **solely and directly by reason of the happening of an occurrence or occurrences** as specified in Paragraph I. Extra expenditure refers to the same costs defined in CONDITIONS APPLICABLE TO ALL SECTIONS, II. DEFINITIONS, E. Insurable Production Costs.

B.  In the event that the happening of one or more of the occurrences specified in Paragraph I. above reasonably, practically and necessarily prevents the completion of an Insured Production irrespective of any completion or delivery date requirements, You will have the right to **abandon** production and claim under this coverage for such actual expenditures You incur in an Insured Production **solely and directly by reason of the happening of one or more of the occurrences** specified in Paragraph I. above, subject to CONDITIONS APPLICABLE TO ALL SECTIONS, I. GENERAL CONDITIONS of this policy.

45.    An actual and justiciable controversy exists between GREAT DIVIDE and Viacom. On information and belief, Viacom contends GREAT DIVIDE is obligated under the Policy to indemnify it for expenditures incurred **before** a covered occurrence.  However, GREAT DIVIDE contends it is not obligated to indemnify Viacom for any expenditures other than what may be incurred **after** a covered occurrence that results in a postponement or abandonment of a production, that would not have otherwise been incurred.

46.    Due to this conflict, based on policy language written by Viacom and/or its agents, a true and ripe controversy exists as to the rights and obligations of GREAT DIVIDE and Viacom under the Policy.

47.    GREAT DIVIDE seeks a judicial declaration that it does not owe a duty to indemnify Viacom for "sunk costs."  Such a judicial declaration is necessary and appropriate at this time in view of the controversy and genuine dispute between GREAT DIVIDE and Viacom, as described above.

44

DEFENDANT GREAT DIVIDE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
CASE NO. 2:21-cv-00400-ODW (AFMx)

4892 49897 4824-4439-2159 .v3

48.  The Court is vested with the power in the instant case and GREAT DIVIDE hereby respectfully requests a judicial determination and declaratory judgment of its rights.  Specifically, GREAT DIVIDE requests a declaration that it owes no duty to indemnify Viacom for its "sunk costs."

## FIFTH CAUSE OF ACTION

### (Declaratory Relief- No Coverage For Non-Covered Perils)

49.  GREAT DIVIDE realleges and incorporates by reference herein each allegation contained in Paragraphs 1-43.

50.  The Extra Expense coverage form in the Policy includes the following non-covered causes of loss:

*VI.  PERILS NOT INSURED*

This coverage does not insure against loss or damage caused by or resulting from:

**G.**  loss, destruction or damage caused by or resulting from delay, loss of market or use, interruption of business or other consequential loss extending beyond direct physical loss or damage.

51.  An actual and justiciable controversy exists between GREAT DIVIDE and Viacom. On information and belief, Viacom contends GREAT DIVIDE is obligated under the Policy to indemnify it for loss, destruction or damage caused by or resulting from delay, loss of market or use, interruption of business or other consequential loss extending beyond direct physical loss or damage.  However, GREAT DIVIDE contends it is not obligated to indemnify Viacom for such loss or damage.

52.  Because GREAT DIVIDE asserts that it owes no duty to indemnity Viacom for such loss or damage, a true and ripe controversy exists as to the rights and obligations of GREAT DIVIDE and Viacom under this exclusion in the Policy, which was written by Viacom and/or its agents.

DEFENDANT GREAT DIVIDE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
CASE NO. 2:21-cv-00400-ODW (AFMx)

4892 49897 4824-4439-2159 .v3

Selman Breitman LLP
ATTORNEYS AT LAW

53.     GREAT DIVIDE seeks a judicial declaration that it does not owe a duty to indemnify Viacom for any loss or damages precluded by the above-referenced exclusion.  Such a judicial declaration is necessary and appropriate at this time in view of the controversy and genuine dispute between GREAT DIVIDE and Viacom, as described above.

54.     The Court is vested with the power in the instant case and GREAT DIVIDE hereby respectfully requests a judicial determination and declaratory judgment of its rights.  Specifically, GREAT DIVIDE requests a declaration that it owes no duty to indemnify Viacom for any loss or damage precluded from coverage by this exclusion.

## SIXTH CAUSE OF ACTION

### (Declaratory Relief-Anniversary Policy Premiums)

55.     GREAT DIVIDE realleges and incorporates by reference herein each allegation contained in Paragraphs 1-49.

56.     The Policy was written as three (3) one-year terms renewing yearly beginning December 1, 2019 and continuing every year thereafter until December 1, 2021.  Endorsement No. 6 in the Policy provides that:

> In addition, it is hereby understood and agreed that CONDITIONS APPLICABLE TO ALL SECTIONS, D. ANNIVERSARY POLICY TERMS AND RATING REVIEW is revised to read as follows: D. ANNIVERSARY POLICY PERIODS AND RATING REVIEW The Policy Period stated on the Declarations is comprised of three annual anniversary policy periods as follows: December 1, 2018 to December 1, 2019 CIM 7508608-10 December 1, 2019 to December 1, 2020 CIM 7508608-11 December 1, 2020 to December 1, 2021

> The policy is subject to guaranteed rates for the first and second annual policy periods. At the end of the second annual policy period, we have the right to review rates and revise for the third annual policy period, if necessary.

DEFENDANT GREAT DIVIDE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM
CASE NO. 2:21-cv-00400-ODW (AFMx)

4892 49897 4824-4439-2159.v3

Selman Breitman LLP
ATTORNEYS AT LAW

In addition, the policy terms, conditions, exclusions and rates may be revised if any of the following occur or change:

1. Material change in Senior / Risk Management Department staff;
2. Material change in Risk Management protocols, safety protocols and inspections utilized to monitor exposures on productions.

57.     GREAT DIVIDE seeks a judicial declaration that it complied with Endorsement No. 6 when renewing the Policy.  On information and believe, Viacom disputes this contention.

58.     The Court is vested with the power in the instant case and GREAT DIVIDE hereby respectfully requests a judicial determination and declaratory judgment of its rights.  Specifically, GREAT DIVIDE requests a declaration that it acted in accordance with the terms of Endorsement 6 when it renewed the Policy.

## **PRAYER FOR RELIEF**

WHEREFORE, GREAT DIVIDE demands judgment as follows:

A.     For a declaration that the Policy does not obligate GREAT DIVIDE to pay for non-covered losses.

B.     For a declaration that the Policy was properly renewed;

C.     For a declaration that GREAT DIVIDE is entitled to recover its costs, disbursements and attorneys' fees as provided by law; and

D.     For such other relief as the Court deems just and equitable.

DATED:  March 12, 2021                    SELMAN BREITMAN LLP


By: */s/ Linda Wendell Hsu*_____
     NEIL SELMAN
     LINDA WENDELL HSU
     ANTONIA B. IANNIELLO
Attorneys for Defendant/Counter-Claimant
GREAT DIVIDE INSURANCE
COMPANY

Selman Breitman LLP
ATTORNEYS AT LAW

47

4892 49897 4824-4439-2159 .v3

1

## **DEMAND FOR JURY TRIAL**

2

3        GREAT DIVIDE INSURANCE COMPANY hereby demands a trial by jury

4    in this action.

5

6    DATED:  March 12, 2021              SELMAN BREITMAN LLP

7

8                                        By: */s/ Linda Wendell Hsu*                   

9                                            NEIL SELMAN
                                            LINDA WENDELL HSU
10                                           ANTONIA B. IANNIELLO
                                        Attorneys for Defendant/Counter-Claimant
11                                      GREAT DIVIDE INSURANCE
                                        COMPANY
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT GREAT DIVIDE INSURANCE COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIM
CASE NO. 2:21-cv-00400-ODW (AFMx)

4892 49897 4824-4439-2159 .v3