Kirk Pasich (SBN 94242)
KPasich@PasichLLP.com
Pamela Woods (SBN 101520)
PWoods@PasichLLP.com
Christopher Pasich (SBN 299191)
CPasich@PasichLLP.com
Caitlin S. Oswald (SBN 330974)
COswald@PasichLLP.com
PASICH LLP
10880 Wilshire Boulevard, Suite 2000
Los Angeles, California 90024
Telephone:  (424) 313-7860
Facsimile:   (424) 313-7890

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIACOMCBS INC., a Delaware corporation,<br><br>       Plaintiff,<br><br>      v.<br><br>GREAT DIVIDE INSURANCE COMPANY, a North Dakota corporation,<br><br>       Defendant. | Case No. 2:21-cv-00400-ODW-AFM<br><br>**STIPULATED PROTECTIVE ORDER** |
| AND RELATED COUNTERCLAIM | |

## 1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary and/or private or personal information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.

1       Accordingly, the parties hereby stipulate to and petition the Court
2   to enter the following Stipulated Protective Order.  The parties
3   acknowledge that this Order does not confer blanket protections on all
4   disclosures or responses to discovery and that the protection it affords
5   from public disclosure and use extends only to the limited information or
6   items that are entitled to confidential treatment under the applicable
7   legal principles.

8   **2.**   **GOOD CAUSE STATEMENT**

9       This Action is likely to involve discovery of confidential,
10  proprietary, and/or sensitive private or personal information for which
11  special protection from public disclosure and from use for any purpose
12  other than prosecuting this action is warranted.

13      Such confidential, proprietary, and sensitive materials and
14  information consist of, among other things, confidential business or
15  financial information, information regarding confidential business
16  practices, or other confidential commercial information, sensitive
17  personal information (including information implicating privacy rights of
18  third parties), information otherwise generally unavailable to the public,
19  or information which may be privileged or otherwise protected from
20  disclosure under state or federal statutes, court rules, case decisions, or
21  common law.

22      Accordingly, to expedite the flow of information, to facilitate the
23  prompt resolution of disputes over the confidentiality of discovery
24  materials, to adequately protect information the parties are entitled to
25  keep confidential, to ensure that the parties are permitted reasonable
26  necessary uses of such material in preparation for and in the conduct of
27  trial, to address their handling at the end of the litigation, and serve the
28  ends of justice, a protective order for such information is justified in this

matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.  Neither party has yet agreed that any particular document or type of document is subject to protection hereunder and each reserves all rights to object to a designation.

**3.** **ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL**

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing).  Furthermore, a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material (defined below) that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY does not—

1    without the submission of competent evidence by declaration,

2    establishing that the material sought to be filed under seal qualifies as

3    confidential, privileged, or otherwise protectable—constitute good cause.

4    Further, if a party requests sealing related to a dispositive motion

5    or trial, then compelling reasons, not only good cause, for the sealing

6    must be shown, and the relief sought shall be narrowly tailored to serve

7    the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*,

8    605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of

9    information, document, or thing sought to be filed or introduced under

10   seal in connection with a dispositive motion or trial, the party seeking

11   protection must articulate compelling reasons, supported by specific facts

12   and legal justification, for the requested sealing order.  Again, competent

13   evidence supporting the application to file documents under seal must be

14   provided by declaration.

15   Any document that is not confidential, privileged, or otherwise

16   protectable in its entirety will not be filed under seal if the confidential

17   portions can be redacted.  If documents can be redacted, then a redacted

18   version for public viewing, omitting only the confidential, privileged, or

19   otherwise protectable portions of the document, shall be filed.  Any

20   application that seeks to file documents under seal in their entirety

21   should include an explanation of why redaction is not feasible.

22   **4.**    **DEFINITIONS**

23   4.1    Action:  this pending federal lawsuit.

24   4.2    Challenging Party:  a Party or Non-Party that challenges the

25   designation of information or items under this Order.

26   4.3    CONFIDENTIAL Information or Items:  information

27   (regardless of how it is generated, stored or maintained) or tangible

28

1  things that qualify for protection under Federal Rule of Civil Procedure
2  26(c), and as specified above in the Good Cause Statement.

3      4.4    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as
4  well as their support staff).

5      4.5    <u>Designating Party</u>:  a Party or Non-Party that designates
6  information or items that it produces in disclosures or in responses to
7  discovery as CONFIDENTIAL or HIGHLY CONFIDENTIAL --
8  ATTORNEYS' EYES ONLY

9      4.6    <u>Disclosure or Discovery Material</u>:  all items or information,
10 regardless of the medium or manner in which it is generated, stored, or
11 maintained including, among other things, testimony, transcripts, and
12 tangible things that are produced or generated in disclosures or
13 responses to discovery in this matter.

14     4.7    <u>Expert</u>:  a person with specialized knowledge or experience in
15 a matter pertinent to the litigation who has been retained by a Party or
16 its counsel to serve as an expert witness or as a consultant in this Action.

17     4.8    <u>HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY</u>
18 <u>Information or Items</u>:  extremely sensitive "**CONFIDENTIAL**"
19 Information or Items, the disclosure of which to another Party or Non-
20 Party would create a substantial risk of serious harm that could not be
21 avoided by less restrictive means.

22     4.9    <u>House Counsel</u>:  attorneys who are employees of a Party to
23 this Action. House Counsel does not include Outside Counsel of Record or
24 any other outside counsel.

25     4.10  <u>Non-Party</u>:  any natural person, partnership, corporation,
26 association, or other legal entity not named as a Party to this Action.

27     4.11  <u>Outside Counsel</u>:  attorneys who are not employees of a Party
28 to this Action but are retained to represent or advise a Party to this

5

Action including those who have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

4.12 <u>Party</u>:  any party to this Action.

4.13 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.14 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.15 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY.

4.16 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**5.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the Parties, House Counsel, or Outside Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge and other applicable authorities.  This Order does not govern the use of Protected Material at trial.

**6.**   **DURATION**

Once a case proceeds to trial, information that was designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY, or maintained pursuant to this protective order that is used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).

With respect to information produced under this Order but not used at trial, even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**7.**   **DESIGNATING PROTECTED MATERIAL**

7.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written

communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2   <u>Manner and Timing of Designations</u>.   Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 7.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL Legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

1   A Party or Non-Party that makes original documents available for
2   inspection need not designate them for protection until after the
3   inspecting Party has indicated which documents it would like copied and
4   produced.  During the inspection and before the designation, all of the
5   material made available for inspection will be deemed
6   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS'
7   EYES ONLY."  After the inspecting Party has identified the documents
8   it wants copied and produced, the Producing Party must determine
9   which documents, or portions thereof, qualify for protection under this
10   Order.  Then, before producing the specified documents, the Producing
11   Party must affix the CONFIDENTIAL Legend to each page that contains
12   Protected Material.  If only a portion or portions of the material on a
13   page qualifies for protection, the Producing Party also must clearly
14   identify the protected portion(s) (*e.g.*, by making appropriate markings in
15   the margins).

16   (b)   for testimony given in depositions, that the Designating
17   Party identify the Disclosure or Discovery Material on the record, before
18   the close of the deposition or in writing within thirty (30) days of its
19   receipt of the transcript.

20   (c)   for information produced in some form other than
21   documentary form and for any other tangible items, that the Producing
22   Party affix in a prominent place on the exterior of the container or
23   containers in which the information is stored the CONFIDENTIAL
24   Legend.  If only a portion or portions of the information warrants
25   protection, the Producing Party, to the extent practicable, shall identify
26   the protected portion(s).

27   7.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an
28   inadvertent failure to designate qualified information or items does not,

PASICH

standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**8.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

8.3    Joint Stipulation.  Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

8.4    Burden.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the applicable confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**9.  ACCESS TO AND USE OF PROTECTED MATERIAL**

9.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions

10

1  described in this Order. When the Action has been terminated, a
2  Receiving Party must comply with the provisions of section 15 below
3  (FINAL DISPOSITION).

4      Protected Material must be stored and maintained by a Receiving
5  Party at a location and in a secure manner that ensures that access is
6  limited to the persons authorized under this Order.

7      9.2   <u>Disclosure of CONFIDENTIAL Information or Items</u>.  Unless
8  otherwise ordered by the Court, a Receiving Party may disclose any
9  information or item designated "CONFIDENTIAL" only to:

10      (a)   the Receiving Party's Outside Counsel, as well as
11  employees of said Outside Counsel to whom it is reasonably necessary to
12  disclose the information for this Action;

13      (b)   the officers, directors, and employees (including House
14  Counsel) of the Receiving Party to whom disclosure is reasonably
15  necessary for this Action;

16      (c)   Experts (as defined in this Order) of the Receiving Party
17  to whom disclosure is reasonably necessary for this Action and who have
18  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19      (d)   the Court and its personnel;

20      (e)   court reporters and their staff;

21      (f)   professional jury or trial consultants, mock jurors, and
22  Professional Vendors to whom disclosure is reasonably necessary for this
23  Action and who have signed the "Acknowledgment and Agreement to Be
24  Bound" (Exhibit A);

25      (g)   the author or recipient of a document containing the
26  information or a custodian or other person who otherwise possessed or
27  knew the information;

28

PASICH

PASICH␃

1    (h)    during deposition, the witness, and attorneys for the
2    witness, in the Action to whom disclosure is reasonably necessary
3    provided:  (1) the deposing Party requests that the witness sign the form
4    attached as Exhibit A hereto; and (2) the witness will not be permitted to
5    keep any confidential information unless the witness signs the
6    "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless
7    otherwise agreed by the Designating Party or ordered by the Court.
8    Pages of transcribed deposition testimony or exhibits to depositions that
9    reveal Protected Material may be separately bound by the court reporter
10   and may not be disclosed to anyone except as permitted under this
11   Stipulated Protective Order;

12    (i)    any mediator or settlement officer, and their supporting
13   personnel, mutually agreed upon by the Parties engaged in settlement
14   discussions; and

15    (j)    any other person that the Designating Party agrees to in
16   writing.

17   9.3    Before disclosure of CONFIDENTIAL Information or Items to
18   any person in categories c, f, h, and/or j above, each such person will be
19   provided with a copy of this Protective Order and shall execute a Non-
20   Disclosure Agreement (Exhibit A).  The qualified persons listed above
21   shall not distribute, disclose, or otherwise publish or make available
22   CONFIDENTIAL Information or Items to any third person unless
23   consented to in writing by the Designating Party, or permitted to do so
24   by the Court.

25   9.4    <u>Disclosure of "HIGHLY CONFIDENTIAL -- ATTORNEYS'</u>
26   <u>EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the
27   Court, a Receiving Party may disclose any information or item

28

1 designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY"

2 only to:

3     (a)    the Receiving Party's Outside counsel of record in this

4 Action, as well as employees of said counsel to whom it is reasonably

5 necessary to disclose the information for this Action;

6     (b)    Experts (as defined in this Order) of the Receiving Party

7 to whom disclosure is reasonably necessary for this Action and who have

8 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9     (c)    the Court and its personnel;

10     (d)    court reporters and their staff;

11     (e)    professional jury or trial consultants, mock jurors, and

12 Professional Vendors to whom disclosure is reasonably necessary for this

13 Action and who have signed the "Acknowledgment and Agreement to Be

14 Bound" (Exhibit A);

15     (f)    the author or recipient of a document containing the

16 information or a custodian or other person who otherwise possessed or

17 knew the information;

18     (g)    any mediator or settlement officer, and their supporting

19 personnel, mutually agreed upon by the Parties engaged in settlement

20 discussions; and

21     (h)    any other person that the Designating Party agrees to in

22 writing.

23     9.5    Before disclosure of HIGHLY CONFIDENTIAL --

24 ATTORNEYS' EYES ONLY Information or Items to any person in

25 categories b, e, and/or h above, each such person will be provided with a

26 copy of this Protective Order and shall execute a Non-Disclosure

27 Agreement (Exhibit A).  The qualified persons listed above shall not

28 distribute, disclose, or otherwise publish or make available HIGHLY

1 CONFIDENTIAL -- ATTORNEYS' EYES ONLY Information or Items to
2 any third person unless consented to in writing by the Designating
3 Party, or permitted to do so by the Court.

4     9.6     Nothing in this Order shall prevent or otherwise restrict
5 counsel from rendering advice to their clients and, in the course of doing
6 so, rely generally on Protected Material, provided that in rendering such
7 advice, counsel shall not disclose the specific contents of Protected
8 Material except as otherwise allowed by this Order.

9 **10.**   **<u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>**
10       **<u>PRODUCED IN OTHER LITIGATION</u>**

11      If a Party is served with a subpoena or a court order issued in other
12 litigation that compels disclosure of any information or items designated
13 in this Action as CONFIDENTIAL or HIGHLY CONFIDENTIAL –
14 ATTORNEYS' EYES ONLY, that Party must:

15       (a)     promptly notify in writing the Designating Party. Such
16 notification shall include a copy of the subpoena or court order;

17       (b)     promptly notify in writing the party who caused the
18 subpoena or order to issue in the other litigation that some or all of the
19 material covered by the subpoena or order is subject to this Protective
20 Order. Such notification shall include a copy of this Stipulated Protective
21 Order; and

22       (c)     cooperate with respect to all reasonable procedures
23 sought to be pursued by the Designating Party whose Protected Material
24 may be affected.

25      If the Designating Party timely seeks a protective order, the Party
26 served with the subpoena or court order will not produce any information
27 designated in this action as CONFIDENTIAL or HIGHLY
28 CONFIDENTIAL – ATTORNEYS' EYES ONLY before a determination

14

**STIPULATED PROTECTIVE ORDER**

by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

1          (3)    make the information requested available for

2  inspection by the Non-Party, if requested.

3          (c)    If the Non-Party fails to seek a protective order from

4  this Court within 14 days of receiving the notice and accompanying

5  information, the Receiving Party may produce the Non-Party's

6  confidential information responsive to the discovery request.  If the Non-

7  Party timely seeks a protective order, the Receiving Party shall not

8  produce any information in its possession or control that is subject to the

9  confidentiality agreement with the Non-Party before a determination by

10  the Court.  Absent a court order to the contrary, the Non-Party shall

11  bear the burden and expense of seeking protection in this Court of its

12  Protected Material.

13  **12.**   **UNAUTHORIZED DISCLOSURE OF PROTECTED**

14       **MATERIAL**

15       If a Receiving Party learns that, by inadvertence or otherwise, it

16  has disclosed Protected Material to any person or in any circumstance

17  not authorized under this Stipulated Protective Order, the Receiving

18  Party must immediately (a) notify in writing the Designating Party of

19  the unauthorized disclosures, (b) use its best efforts to retrieve all

20  unauthorized copies of the Protected Material, (c) inform the person or

21  persons to whom unauthorized disclosures were made of all the terms of

22  this Order, and (d) request such person or persons to execute the

23  "Acknowledgment and Agreement to Be Bound" that is attached hereto

24  as Exhibit A.

25

26

27

28

PASICH

**13. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

If a Producing Party inadvertently produces information or documents that it considered privileged, in whole or in part, it may retrieve such information or documents or parts thereof as follows:

(a)     Within twenty (20) days of the discovery of the inadvertent production, and no later than forty-five (45) days prior to trial, the Producing Party must give written notice to all parties who received copies of the produced document that the Producing Party claims said document, in whole or in part, to be privileged and must state the nature of the privilege; in the event that only part(s) of document(s) are claimed to be privileged, the Producing Party shall furnish redacted copies of such privileged documents, removing only the part(s) thereof claimed to be privileged, to all parties together with the notice (the "Inadvertent Production of Privileged Materials Notice").

(b)     Upon receipt of such Inadvertent Production of Privileged Materials Notice, all parties who have received copies of the inadvertently produced document(s) shall destroy all other copies thereof and confirm destruction thereof except to the extent reasonably necessary to promptly present the information to the Court under seal for a determination of the claim pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

(c)     After service of such notice, no motion to compel the production of the inadvertently produced privileged documents may rely on an allegation that any privilege as to the documents was waived solely by virtue of its inadvertent production.

**14.** **MISCELLANEOUS**

14.2 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.3 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.4 <u>Filing Protected Material</u>.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**15.** **FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was

18

1 returned or destroyed, and (2) affirms that the Receiving Party has not
2 retained any copies, abstracts, compilations, summaries or any other
3 format reproducing or capturing any of the Protected Material.
4 Notwithstanding this provision, counsel are entitled to retain an archival
5 copy of all pleadings, motion papers, trial, deposition, and hearing
6 transcripts, legal memoranda, correspondence, deposition and trial
7 exhibits, expert reports, attorney work product, and consultant and
8 expert work product, even if such materials contain Protected Material.
9 Any such archival copies that contain or constitute Protected Material
10 remain subject to this Protective Order as set forth in Section 6
11 (DURATION).

12 **16.** <u>**VIOLATION**</u>

13     Any willful or reckless violation of this Order may be punished by
14 any and all appropriate measures including, without limitation,
15 contempt proceedings and/or monetary sanctions, or other appropriate
16 action at the discretion of the Court.

17

18     **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

19 DATED: February 28, 2022     PASICH LLP

20

21         By:    */s/ Pamela Woods*

21             Pamela Woods

22             Attorneys for Plaintiff

23 DATED: February 28, 2022     SELMAN BREITMAN LLP

24

25         By:    */s/ Sara J. Savage*

25             Sara J. Savage

26             Attorneys for Defendant

27

28

**STIPULATED PROTECTIVE ORDER**

**ATTESTATION**

Pursuant to L.R. 5-4.3.4, I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.  I further attest that I have on file documentation of her authorization.

DATED: February 28, 2022          PASICH LLP

By:      */s/ Pamela Woods*

Pamela Woods

Attorneys for Plaintiff


**ORDER**

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATE:   2/28/2022

HON. ALEXANDER F. MacKINNON
United States Magistrate Judge

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____[print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of *VicomCBS Inc. v. Great Divide Insurance Co.*, Case No. 2:21-cv-00400-ODW-AFM.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [full name] of _____ [full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

**Date:** _____

**City and State where sworn and signed:** _____

**Printed name:** _____

**Signature:** _____