NEIL SELMAN (SBN 62720)
nselman@selmanlaw.com
SELMAN BREITMAN LLP
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025-6546
Telephone: 310.445.0800

LINDA WENDELL HSU (SBN 162971)
lhsu@selmanlaw.com
SARA J. SAVAGE (SBN 199344)
ssavage@selmanlaw.com
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone: 415.979.0400

ANTONIA B. IANNIELLO (Washington DC Bar No. 336487) (Pro Hac Vice)
aianniello@steptoe.com
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone:  202.429.8087

Attorneys for Defendant/Counter-Claimant
GREAT DIVIDE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIACOMCBS INC., a DELAWARE CORPORATION,<br><br>                Plaintiff,<br><br>    v.<br><br>GREAT DIVIDE INSURANCE COMPANY, a NORTH DAKOTA CORPORATION,<br><br>                Defendant.<br><br>AND RELATED CROSS ACTIONS | Case No. 2:21-cv-00400-ODW (AFMx)<br><br>**GREAT DIVIDE'S OPPOSITION TO VIACOMCBS'S MPSJ**<br><br>Date:         October 17, 2022<br>Time:         1:30 pm<br>Judge:        Otis D. Wright<br>Ctrm.:        5 – 5th Floor<br>Trial Date:   March 21, 2023 |

*Selman Breitman LLP*
ATTORNEYS AT LAW

# **TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION .................................................................................... 1

II. FACTUAL AND PROCEDURAL BACKGROUND ........................... 3

    A. Policy Language At Issue..................................................................... 3

        1. The Policy Includes A Series Of Conditions
Precedent To Ensure That Viacomcbs Provides
Great Divide With The Information Needed To
Adjust A Claim.............................................................4

        2. The Policy Includes Two Endorsements Which,
When Read Together, Allowed Great Divide To
Issue The Notice Of Nonrenewal .............................7

    B. Viacomcbs's Incomplete Covid-19 Safety Protocol
Claim In Connection With Goldie's Oldies ................................. 9

        1. Notice Of Loss And Preliminary Report With
Estimates......................................................................9

        2. Great Divide's Ror (Not A Denial Of Coverage) In
Response To Notice Of Loss................................11

    C. Great Divide's Notice Of Nonrenewal........................................ 14

III. LEGAL STANDARD ........................................................................ 15

IV. LEGAL ARGUMENT ....................................................................... 16

    A. Viacomcbs Cannot Obtain Partial Summary Judgment
On Its Covid-19 Safety Protocol Claim For The
Goldie's Oldies Production ......................................................... 16

        1. There Is No Present Controversy To Be
Adjudicated Because (1) Viacomcbs Has Not
Complied With Conditions Precedent Under The
Policy And (2) Great Divide Has Not Denied
Coverage For The Claim ......................................16

i

Selman Breitman LLP
ATTORNEYS AT LAW

Selman Breitman LLP
ATTORNEYS AT LAW

a) Viacomcbs Has Not Performed Its Contractual Obligations Nor Has It Provided An Excuse For Nonperformance ............. 17

b) Great Divide Has Not Breached The Contract As A Matter Of Law Because It Has Not Denied Coverage For Viacomcbs's Covid-19 Safety Protocol Claim .................................................................. 20

2. Viacomcbs Has Not Met Its Burden Of Proving That It Has Met The Requirements Of The Policy's Due Diligence Condition; Triable Issues Of Fact Remain ..................................................................... 21

a) Viacomcbs's Additional Incurred Expenses And/Or Increased Costs Have Not Been "Ascertained" ........................................................ 21

b) Whether Viacomcbs's Alleged Additional Incurred Expenses And/Or Increased Costs Were "Necessarily Incurred" Is A Question Of Fact ............................................................... 21

c) Viacomcbs Provides No Information Regarding The "Maximum Liability" Requirement Of The Due Diligence Condition ............................................................. 23

d) The Notice Of Nonrenewal Was Issued By Great Divide In Strict Compliance With The Procedures Set Forth In The Policy ................. 24

V. CONCLUSION ............................................................. 25

ii

1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abdelhamid v. Fire Ins. Exch.*,
   182 Cal. App. 4th 990 (2010)................................................................ 17, 18, 19

*American Way Cellular, Inc. v. Travelers Prop. Cas. Co. of America*,
   216 Cal.App.4th 1040 (2013) ................................................................... 17

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ........................... 15

*CDF Firefighters v. Maldonado*,
   158 Cal.App.4th 1226, 70 Cal.Rptr.3d 667 (2008) ................................. 17

*Celotex Corp. v. Catrett*,
   477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ........................... 15

*Gilbert v. Infinity Ins. Co.*,
   186 F. Supp. 3d 1075 (E.D. Cal. 2016) ................................................... 18

*Gilbert v. Infinity Ins. Co.*,
   186 F. Supp. 3d at 1062 ............................................................................ 18

*Great American E & S Ins. Co. v. Kouw Pinnq Enterprise Co., Ltd.*,
   2013 WL 5461911 (C.D.Cal. Sept. 20, 2013) ......................................... 17

*Henderson v. Farmers Group, Inc.*,
   148 Cal.Rptr.3d 385 (2012) ..................................................................... 19

*Hickman v. London Assurance Corp.*,
   184 Cal. 524 (1920) ................................................................................. 17

*Hudson v. Lawrence*,
   2021 WL 4805464 (E.D. Cal. 2021) ....................................................... 16

*Industrial Bldg. Materials, Inc. v. Interchemical Corp.*,
   437 F.2d 1336 (9th Cir. 1970) ................................................................. 15

*Jacobus v. Krambo Corp.*,
   78 Cal.App.4th 1096, 93 Cal.Rptr.2d 425 (2000) ................................... 22

Selman Breitman LLP
ATTORNEYS AT LAW

iii

*North American Capacity Ins. Co. v. Claremont Liability Ins. Co.*,
  177 Cal.App.4th 272 (2009) ............................................................... 17

*Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev.
  Comm'n*,
  461 U.S. 190, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983) ...................... 20

*Richardson v. City and County of Honolulu*,
  124 F.3d 1150 (9th Cir.1997) ............................................................. 20

*Romano v. Rockwell Int'l, Inc.*,
  14 Cal. 4th 479, 59 Cal. Rptr. 2d 20 (1996) ...................................... 17

*Select Ins. Co. v. Superior Court*,
  226 Cal.App.3d 631 (1990) ................................................................ 18

*Takacs v. A.G. Edwards & Sons, Inc.*,
  444 F.Supp.2d 1100 (S.D.Cal. 2006) ................................................. 21

*Taylor v. Johnson*,
  15 Cal. 3d 130, 123 Cal. Rptr. 641 (1975) ........................................ 17

*Thomas v. Reyna*,
  2021 WL 5451015 (E.D. Cal. 2021) ................................................... 16

*West v. State Farm Fire and Cas. Co.*,
  868 F.2d 348 (9th Cir. 1989) .............................................................. 18

**Statutes**

Cal. Ins. Code § 531 ................................................................................ 23

**Other Authorities**

Fed. R. Civ. P. 56 ..................................................................................... 16

Fed. R. Civ. P. 56(a) ................................................................................ 15

Fed. R. Civ. P. 56(c) ................................................................................ 15

(https://www.merriam-webster.com/dictionary/ascertain) ..................... 23

Selman Breitman LLP
ATTORNEYS AT LAW

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff/Counter-Defendant ViacomCBS Inc. ("ViacomCBS") has moved for partial summary judgment (the "ViacomCBS MPSJ") on two issues. First, ViacomCBS moves for an order stating that, pursuant to the Due Diligence condition in the Policy, Defendant/Counter-Claimant Great Divide Insurance Company ("Great Divide") must pay for additional and increased expenses ViacomCBS allegedly incurred in developing and implementing COVID-19 safety protocols for its *Goldie's Oldies* production. Second, ViacomCBS moves for an order stating that Great Divide's Notice of Nonrenewal of Insurance ("Notice of Nonrenewal"), sent between the second and third annual anniversary policy periods, had no force or effect. ViacomCBS is unable to meet its burden on partial summary judgment on either of these issues.

Preliminarily, ViacomCBS's MPSJ fails on procedural grounds. ViacomCBS fails to meet its burden of identifying each claim or defense – or the part of each claim or defense – on which partial summary judgment is sought. Its counsel also failed to declare that she had met the local rules' meet and confer requirement before filing the ViacomCBS MPSJ.

With respect to ViacomCBS's alleged COVID-19 safety protocol expenses, partial summary judgment on ViacomCBS's MPSJ is not appropriate for three critical reasons. First, ViacomCBS's MPSJ must be denied because ViacomCBS has failed to comply with multiple conditions precedent in the insurance policy. (Great Divide's Statement of Genuine Disputes of Material Facts ("SGD") ¶¶ 24, 26-34, 42-47) Had ViacomCBS provided this required information, Great Divide would have had the right to determine whether it needed more documentation or information, whether to demand an Examination Under Oath ("EUO"), and/or whether to demand Appraisal on the amount of claimed loss. (SGD ¶¶ 6, 8, 50-57) ViacomCBS's failure to comply with the Policy requirements prejudiced Great

1

Selman Breitman LLP
ATTORNEYS AT LAW

1    Divide from being able to exercise these rights.  At a minimum, there are material

2    issues of fact concerning whether ViacomCBS complied with conditions precedent

3    in the Policy, which precludes partial summary judgment.

4         Second, Great Divide has not denied ViacomCBS's COVID-19 safety

5    protocol claim for the *Goldie's Oldies* production.  (SGD ¶¶ 35-41) Rather, Great

6    Divide sent a Reservation of Rights ("ROR") letter to ViacomCBS which advised

7    ViacomCBS that (1) the ROR should not be interpreted or construed as denial of

8    coverage; (2) there were various exclusions, endorsements, terms and conditions in

9    the Policy that might be applicable to the claim; and (3) additional documentation

10   might be requested or required to support the claim. (*Id*.)  As such, ViacomCBS's

11   MPSJ, let alone its complaint, is not ripe for adjudication.

12        Third, ViacomCBS has failed to prove that all the elements contained in the

13   Due Diligence condition have been satisfied. Instead, it asks the Court to issue a

14   blanket ruling that all its COVID-19 safety protocol costs were "necessarily

15   incurred," a finding reserved for the trier of fact. There are several genuine issues

16   of material fact related to the potential application of the Due Diligence condition,

17   including (1) whether ViacomCBS did  "all things reasonably practicable to avoid

18   or diminish any loss or any circumstances likely to give rise to a loss or claim

19   insured under this policy," (2) the existence and amount of ViacomCBS's

20   "ascertained net loss of additional incurred expenses and/or increased costs," (3)

21   whether such additional incurred expenses and/or increased costs were "necessarily

22   incurred," and (4) whether Great Divide's maximum liability under the Due

23   Diligence condition is "greater than the sum insured as declared, or that which

24   would have been incurred had [the insured] not incurred said increased costs

25   and/or additional out-of-pocket expenses, or in any event exceed the limits of

26

27

28

GREAT DIVIDE'S OPPOSITION TO VIACOMCBS'S MPSJ
CASE NO. 2:21-CV-00400-ODW-(AFMx)

Selman Breitman LLP
ATTORNEYS AT LAW

1   liability of this policy." (SGD ¶ 9) These questions are unable to be answered

2   without more information, and are, by law, issues of fact for the jury to decide[1].

3        With respect to Great Divide's Notice of Nonrenewal to ViacomCBS

4   between the second and third annual anniversary policy periods (SGD ¶¶ 17-18),

5   there can be no reasonable dispute that Great Divide's actions in sending the

6   Notice of Nonrenewal was completely consistent with the plain and clear terms of

7   the Policy. As demonstrated below, the Policy squarely provides that Great Divide

8   could non-renew the policy by mailing or delivering written notice to the Named

9   Insured and its authorized agent or broker at least 60 days but not more than 120

10   days prior to the effective date of non-renewal. (SGD ¶ 16) Great Divide plainly

11   satisfied this requirement and so this portion of ViacomCBS's motion must be

12   denied.[2]

13   **II.   FACTUAL AND PROCEDURAL BACKGROUND**

14       **A.   POLICY LANGUAGE AT ISSUE**

15        Great Divide issued Policy No. CIM 7508608-11 to Named Insured Viacom

16   International Inc. ("Policy"). (SGD ¶ 1) The Declarations page of the Policy clearly

---

19   [1] Great Divide served discovery in this case requesting information regarding the

20   amount of damages being claimed. (SGD ¶ 58) Although ViacomCBS provided

21   some written responses ((SGD ¶ 59-60), at no time prior to filing the ViacomCBS
     MPSJ has ViacomCBS ever produced to Great Divide any supporting

22   documentation or information relative to alleged COVID-19 safety protocol costs

23   for the Goldie's Oldies production, nor have they identified any such costs in any
     of their discovery responses. (SGD ¶ 61) It was not until September 14, 2022, (two

24   days **after** ViacomCBS filed the ViacomCBS MPSJ) that ViacomCBS's counsel

25   emailed a spreadsheet of claims to counsel for Great Divide identifying alleged
     **estimates** of COVID-19 safety protocols, but that spreadsheet included no

26   documentation or actual expenditures incurred for the *Goldie's Oldies* production.

27   (SGD ¶ 62)
     [2] In any event, this issue is a red herring.  The Policy was ultimately renewed for a

28   third policy term.  (SGD ¶¶ 19-20)

3

Selman Breitman LLP
ATTORNEYS AT LAW

1  lists the Policy Period as one year in length, from December 1, 2019, to December

2  1, 2020. (SGD ¶ 2)[3]

### 1. The Policy Includes A Series Of Conditions Precedent To Ensure That ViacomCBS Provides Great Divide With The Information Needed To Adjust A Claim

The Policy includes a section entitled "CONDITIONS APPLICABLE TO ALL SECTIONS" which states at the outset as follows:

**CONDITIONS APPLICABLE TO ALL SECTIONS**

**I.   GENERAL CONDITIONS**

> This policy provides different Coverage Parts. Unless otherwise stated, the General Conditions shall apply to all Coverage Parts. Any provision under a specific Coverage Part shall pertain only to that unless otherwise stated.

> These General Conditions are listed alphabetically for convenience and in no order of preference or importance. Please read the entire policy to determine what is and what is not covered, as well as **Your** rights and duties under this Policy.

> Throughout this policy, **"You"** and **"Your"** refer to the **Named Insured** shown on the DECLARATIONS. The words **"We"**, **"Us"** and **"Our"** refer to the Company providing this insurance. (SGD ¶¶ 4-5)

ViacomCBS's claim that it is entitled to COVID-19 safety protocol costs as a matter of law is easily thwarted by the conditions precedent in the Policy which have not been satisfied by ViacomCBS, including (1) Great Divide's right to have access to records (and to conduct an Examination Under Oath if necessary); (2) an Action Against Us condition which stated that no action against Great Divide can be brought unless ViacomCBS complies with all provisions of the Policy; (3) an

---

[3] As explained in Great Divide's Motion for Partial Summary Judgment ("Great Divide's MPSJ"), the language in the Policy was provided by ViacomCBS's broker and not by Great Divide. (SGD ¶ 3)

4

Selman Breitman LLP
ATTORNEYS AT LAW

Appraisal provision that allows Great Divide to obtain an appraisal of the amount of any alleged loss; (4) a Due Diligence condition which limits any indemnity payment to expenses or costs "necessarily incurred" to avoid or diminish a loss or claim, as well as other limitations; and (5) Loss Payment and Loss Procedure provisions which require the insured to file a detailed signed and sworn proof of loss setting forth the facts and amount of the loss within 180 days after discovery of the loss.  (SGD ¶¶ 6-12)

Specifically, the Conditions section of the Policy states in relevant part:

**B.    ACCESS TO RECORDS AND [EUO]**

> **We** or **Our** nominees, at all times during the policy period or while a claim is pending, at such reasonable times and places as may be designated by **Us** or **Our** representatives, will have access to all of **Your** accounts, book of accounts, contracts, invoices and records, or certified copies of such if the originals are lost, relating to all insured operations and property.
>
> **You** will submit as often as may be reasonably required, and so far as within **Your** power, cause all other persons and their employees interested in such operations and property to submit to examination under oath by a person named by **Us** relative to any and all matters in connection with a claim, at such reasonable times and places as may be designated by **Us** or **Our** representatives. **You** agree to do everything within reason to comply with the foregoing[.]

**C.    ACTION AGAINST US**

> No action against **Us** may be brought unless **You** have complied with all of the provisions of this policy[.]
>
> …

5

Selman Breitman LLP
ATTORNEYS AT LAW

**E.** **APPRAISAL**

If **You** and **We** fail to agree on the amount of loss, either one can demand that the amount of loss be set by appraisal[.]

\* \* \*

**L.** **DUE DILIGENCE CLAUSE**

**You** shall use due diligence and do and concur in doing all things reasonably practicable to avoid or diminish any loss or any circumstances likely to give rise to a loss or claim insured under this policy. This policy will indemnify **You** for **Your** ascertained net loss of additional incurred expenses and/or increased costs necessarily incurred by **You** to avoid or diminish any such loss or claim, subject to any **Deductible** provision stated on the COVERAGE SCHEDULE; provided however, that in no circumstances will **Our** maximum liability under this policy be greater than the sum insured as declared, or that which would have been incurred had **You** not incurred said increased costs and/or additional out-of-pocket expenses, or in any event exceed the limits of liability of this policy.

\* \* \*

**U.** **LOSS PAYMENT**

…

[A]ll adjusted claims will be paid or made good to **You** within 30 (thirty) days after presentation and acceptance of satisfactory proof of interest and loss to **Our** office, or after **We** reach agreement with **You** or after entry of a final judgment, or after the filing of an appraisal award with **Us**[.]

6

## V.    LOSS PROCEDURE

In case of a loss to which this insurance may apply, **You** will see that the following duties are performed:

1.  Notice of Loss — Report as soon as practicable to Us or our authorized representative(s) any loss or damage which may become a claim under this policy.

    …

2.  Proof of Loss — File with **Us**, or **Our** authorized representative, a detailed proof of loss signed and sworn to by **You** setting forth to the best of **Your** knowledge and belief the facts of the loss and the amount thereof within 180 (one hundred eighty) days after discovery of the loss. (*Id*.)

### 2.    The Policy Includes Two Endorsements Which, When Read Together, Allowed Great Divide To Issue The Notice Of Nonrenewal

Similarly, ViacomCBS's claim that Great Divide's Notice of Nonrenewal had no force or effect is easily defeated by two (2) endorsements in the Policy. Endorsement No. 6, entitled ANNIVERSARY POLICY PERIODS AND RATING REVIEW, stated in relevant part as follows:

**THIS ENDOSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

It is hereby understood and agreed that TELEVISION PRODUCTION PORTFOLIO DECLARATIONS, Item 2. POLICY PERIOD is as follows:

From: December 1, 2018          To: December 1, 2019

From 12:01 A.M. Standard Time at the address of the NAMED INSURED as stated above

In addition, it is hereby understood and agreed that CONDITIONS

7

Selman Breitman LLP
ATTORNEYS AT LAW

APPLICABLE TO ALL SECTIONS, D. ANNIVERSARY POLICY TERMS AND RATING REVIEW is revised to read as follows:

**D.   ANNIVERSARY POLICY TERMS AND RATING REVIEW**

The Policy Period stated on the Declarations is comprised of three annual anniversary policy periods as follows:

> December 1, 2018 to December 1, 2019  CIM 7508608-10
> December 1, 2019 to December 1, 2020  CIM 7508608-11
> December 1, 2020 to December 1, 2021

The policy is subject to guaranteed rates for the first and second policy periods. At the end of the second annual policy period, we have the right to review rates and revise for the third annual policy period, if necessary[.] ((SGD ¶ 15)

This endorsement confirms that the policy period of the Policy was for one year (from December 1, 2018, to December 1, 2019).  Under the plain and clear terms of the endorsement, at the end of the second policy period, Great Divide had the right to review and revise rates for the third annual policy period.

Great Divide also had the right to non-renew the Policy after the second annual policy period pursuant to the terms of Endorsement No. 5, entitled NY CHANGES – CANCELLATION AND NON-RENEWAL, which stated in relevant part as follows:

> Any cancellation, non-renewal or termination provision(s) in the policy are deleted in their entirety and replaced with the following[:]
> …
> **B.   NON-RENEWAL**
> 1.     The Insurer can non-renew the policy by mailing or delivering written notice to the Named Insured at the last mailing address known to the Insurer, and to the Named Insured's authorized agent or broker

8

[] [a]t least sixty (60) days but not more than one hundred and twenty (120 days) prior to the effective date of non-renewal. If notice is mailed, proof of mailing will be sufficient proof of notice.

2.     Like notice of non-renewal will state specific explanation of the reason(s) for non-renewal. (SGD ¶ 16)

Under the plain and clear terms of these endorsements, during the second policy period, Great Divide had the right to not only revise rates for the third policy period, but also to non-renew the Policy for the third policy term[4].  Great Divide complied with the nonrenewal provision in the Policy as a matter of law, thus making the Notice of Nonrenewal effective when sent.

## B.     VIACOMCBS'S INCOMPLETE COVID-19 SAFETY PROTOCOL CLAIM IN CONNECTION WITH *GOLDIE'S OLDIES*

*Goldie's Oldies* is a television program which takes place in Manchester, England. See ViacomCBS's MPSJ at 15. Filming began in January of 2020, but the production was shut down on March 18, 2020. *Id.* Filming on *Goldie's Oldies* was resumed on August 4, 2020. *Id.*

### 1.   Notice Of Loss And Preliminary Report With Estimates

The Policy identifies Hyperion Adjusters Limited ("Hyperion") as a Claims Administrator and Assigned Independent Adjuster (nominated international adjuster) on behalf of the insured.  (SGD ¶ 21) Hyperion is based in London, England and is a global, specialist loss adjusting company. (*Id*.) On June 30, 2022, Mr. Shaun Coyne, a Managing Director and Entertainment Consultant at Hyperion,

---

[4] This makes sense; if Great Divide quoted a revised rate for the third policy period and ViacomCBS did not accept that rate, the Policy could be nonrenewed, so long as timely notice was given of this possibility.  In fact, that is exactly what happened, although what resulted was a renegotiation of the terms of the policy for a third policy period. (SGD ¶¶ 19-20)

9

Selman Breitman LLP
ATTORNEYS AT LAW

submitted a Notice of Loss[5] under the Policy to Great Divide on behalf of the insured for the *Goldie's Oldies* production. (SGD ¶ 22) The Notice of Loss attached a Preliminary Report (SGD ¶ 23) which included the following information:

- The insured was providing an **estimate** for "Additional costs for Production to be Covid-19 compliant." (SGD ¶ 23) (emphasis added)
- As of the date of the Preliminary Report (June 30, 2020), filming was scheduled to recommence on July 27, 2020. (SGD ¶ 25)
- The production company stated they would incur additional (**unspecified**) costs in the future to enable filming to take place within a COVID-19 compliant environment. (SGD ¶ 26)
- Under the heading "Covid-19 Compliance Costs," the Preliminary Report advised that "Production have provided the attached schedule of additional costs to enable them to film in a Covid-19 environment and such costs are **approximately** £293,000." (SGD ¶ 27) (emphasis added)
- The Preliminary Report provided information on the types of additional costs that **might** be incurred and stated: "certain of these costs are actual **but quite a number are estimates and are in all probability included in the eventuality that they may potentially be required. ¶ The purpose of our consideration to this section of the claim is purely to advise Insurers as to the potential losses which may accrue** and do not in any way suggest

_____

[5] A "Notice of Loss" is different than a "Proof of Loss." A Notice of Loss requires the insured to report any loss or damage which may become a claim. (SGD ¶ 12) A Proof of Loss requires the insured to file a detailed, signed and sworn proof of loss setting forth the facts of the loss and the amount thereof. (*Id.*) To date, Great Divide has not received a Proof of Loss from ViacomCBS for any COVID-19 safety protocol costs allegedly incurred for the *Goldie's Oldies* production. (SGD ¶¶ 46-47)

10

Selman Breitman LLP
ATTORNEYS AT LAW

that such costs are formally recoverable under the Terms of this Policy."
(SGD ¶ 28) (emphasis added)

One of the attachments to the Preliminary Report was the insured's responses to a Questionnaire. (SGD ¶ 29) In the "Documents to be submitted for Audit" section of the Questionnaire, the insured stated:

- Claim Ledger in Excel format with itemized detail of claimed costs TO FOLLOW (emphasis in original) (but nothing followed), and
- Supporting documentations to the claimed costs (e.g. crew time cards, petty cash, receipts, etc.) TO FOLLOW (SGD ¶¶ 30-31) (emphasis in original) (but again, nothing followed)

Another attachment to the Preliminary Report was a schedule of additional costs related to **anticipated** COVID-19 safety protocols. (SGD ¶¶ 32) Many of those additional costs were listed as ESTIMATES. (SGD ¶ 33) (emphasis in original) Those costs were necessarily estimates because they had not yet been incurred. (SGD ¶ 34)

### 2. Great Divide's ROR (Not A Denial Of Coverage) In Response to Notice Of Loss

On July 8, 2020, Great Divide sent a ROR pertaining to the *Goldie's Oldies* claim to the insured's representative, Joe McLusky. (SGD ¶ 35) The ROR stated as follows, in relevant part:

- "As our investigation is ongoing, we may request additional information." (SGD ¶ 36)
- "This letter should not be interpreted or construed as denial of coverage as no such determination has been rendered at this juncture." (SGD ¶ 37)
- "There are various exclusions, endorsements, terms and conditions to this form that alter the coverage that may otherwise be applicable." (SGD ¶ 38)
- "Any and all information obtained will be used as part of an investigation of damages and coverage.  This list is not inclusive of all documentation that may be requested/required to support any claim." (SGD ¶ 39)

11

Selman Breitman LLP
ATTORNEYS AT LAW

The ROR then cited to the Conditions section of the Policy, specifically, Condition B (Access To Records and EUO), Condition C (Action Against Us), Condition L (Due Diligence), Condition U (Loss Payment), and Condition V (Loss Procedure). (SGD ¶ 40)

To date, Great Divide has not denied coverage for ViacomCBS's anticipated COVID-19 safety protocol claim for the *Goldie's Oldies* production. (SGD ¶ 41) Also, to date, Great Divide has only received **estimates** for many of the insured's alleged COVID-19 safety protocols. (SGD ¶ 42) No information or documentation regarding the **actual** COVID-19 safety protocols, nor the **actual** cost of those protocols, have been submitted to Great Divide. (SGD ¶ 43) The insured has not yet provided Hyperion with that information. (SGD ¶ 44) The actual protocols, and the cost of those protocols, are needed in order for Great Divide to determine whether the Due Diligence condition has been satisfied. (SGD ¶ 45)

Moreover, to date, no Proof of Loss as required by the Policy has been submitted to Great Divide. (SGD ¶ 46) The insured has not provided Hyperion with a Proof of Loss. (SGD ¶ 47)

Mr. Coyne of Hyperion is attempting to schedule a face-to-face meeting with representatives of the insured the week of October 3, 2022, to obtain information and documentation supporting the insured's claim for the *Goldie's Oldies* production, including the COVID-19 safety protocols[6]. (SGD ¶ 48) Once this information is received, Hyperion will audit that information and submit its findings to Great Divide, and Hyperion's findings will include a schedule of costs. (SGD ¶ 50) Great Divide will then determine whether the terms of the Due Diligence condition have been satisfied. (SGD ¶ 51) Depending on the information received, Great Divide may need to request further information to determine if,

---

[6] The meeting was originally scheduled for September 29, 2022; however, a representative of the insured recently canceled that meeting. (SGD ¶ 49)

among other things, the protocols and costs incurred for those protocols were "necessarily incurred" as stated in the Policy. (SGD ¶ 52) Great Divide may need to request an EUO and/or an Appraisal under the terms of the Policy. (SGD ¶ 53) Ultimately, Great Divide will require the insured to submit a Proof of Loss under the terms of the Policy, which Hyperion refers to as a "form of acceptance." (SGD ¶ 54) The "form of acceptance" will include a figure constituting a full and final settlement of the insured's claim. (SGD ¶ 55)

Simply put, ViacomCBS's failure to provide information and documentation supporting the actual costs incurred for COVID-19 safety protocols, as well as whether those costs were "necessarily incurred," has prejudiced Great Divide's ability to determine if the terms of the Due Diligence condition, and the other terms and conditions of the Policy, have been satisfied; and has prejudiced Great Divide's ability to determine if additional documentation and information is required, whether an EUO is needed, or whether to exercise the Appraisal provision in the Policy. (SGD ¶¶ 56-57)

It should be noted that Great Divide requested information regarding ViacomCBS's damages during the discovery phase of this case. (SGD ¶ 58) ViacomCBS responded by merely stating that it was seeking "at least $2.4 million for *Goldie's Oldies*" with no explanation of what portion of that amount was for alleged COVID-19 safety protocol costs. (SGD ¶ 59) ViacomCBS also stated that any documents supporting its damages would only be produced "following the execution of an appropriate protective order." (*Id*.) Although ViacomCBS later promised to produce such documents (SGD ¶ 60), at no time prior to the filing of the ViacomCBS MPSJ has ViacomCBS ever produced to Great Divide any supporting documentation or information relative to alleged COVID-19 safety protocol costs for the *Goldie's Oldies* production, nor have they identified any costs in any of their discovery responses. (SGD ¶ 61) In fact, it was not until September 14, 2022, two days **after** ViacomCBS filed the ViacomCBS MPSJ, did

13

1   ViacomCBS's counsel email a spreadsheet of claims to counsel for Great Divide

2   identifying alleged **estimates** of COVID-19 safety protocol costs, but that

3   spreadsheet included no documentation or actual expenditures incurred for the

4   *Goldies Oldies* claim. (SGD ¶ 62)[7]

5        At a minimum, there are several genuine disputes of material fact as to

6   whether ViacomCBS has complied with the conditions precedent in the policy, as

7   well as whether any future information provided by ViacomCBS will comply with

8   the terms of the Due Diligence condition in the Policy.

9   **C.   GREAT DIVIDE'S NOTICE OF NONRENEWAL**

10       The Policy was effective from December 1, 2019, to December 1, 2020.

11  (SGD ¶ 1) On September 28, 2020, more than sixty (60) days but not more than

12  one hundred and twenty (120) days before the Policy was set to expire, Great

13  Divide sent a letter entitled "NOTICE OF NONRENEWAL OF INSURANCE" to

14  ViacomCBS, with a copy to its broker, HUB International Insurance Services Inc.

15  ("HUB"), which stated:

16       This Notice is to advise you that we will not renew the above
         captioned policy when it expires.  Your insurance will cease on the
17       Expiration Date shown above.

18       This policy is being non-renewed due to loss experience and the
19       current uncertainty around Covid-19 exposures and their impact on
         coverage and liability. (SGD ¶¶ 17-18)
20

21       On October 12, 2020, after Great Divide timely sent the Notice of

22  Nonrenewal, Great Divide advised HUB that it was interested in working with

23  HUB and ViacomCBS to negotiate the terms of the Policy for the potential third

24  year of coverage (i.e. the revised rate as allowed by Endorsement No. 6). (SGD ¶

25

26  _____

27  [7] In any event, Great Divide should not have to pry this information out of
    ViacomCBS through litigation and discovery.  Rather, ViacomCBS has a duty
28  under the Conditions section of the Policy to simply provide this information to
    Great Divide and Hyperion.

14

Selman Breitman LLP
ATTORNEYS AT LAW

19) Great Divide provided a proposed revised rate to ViacomCBS, which was rejected. (SGD ¶ 20) Ultimately, before the Policy was nonrenewed, the parties negotiated a third year of coverage. (*Id*.)

## III.   <u>LEGAL STANDARD</u>

Partial summary judgment is only appropriate when there is no genuine dispute as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party carries the burden of demonstrating it is entitled to judgment as a matter of law due to an absence of disputed material facts. *Id.* Only if the moving party meets its initial burden does the non-moving party have to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In resolving a motion for partial summary judgment, all evidence and inferences are resolved in the non-moving party's favor. *Id.* at 255. "If, under any reasonable construction of the evidence and any acceptable theory of law, one would be entitled to prevail, a [partial] summary judgment against him cannot be sustained." *Industrial Bldg. Materials, Inc. v. Interchemical Corp.,* 437 F.2d 1336, 1340 (9th Cir. 1970).

Here, ViacomCBS's failure to comply with various conditions precedent, as well as its failure to acknowledge endorsements in the Policy which allowed Great Divide to issue the Notice of Nonrenewal,  require a denial of ViacomCBS's MPSJ.

Also, Fed. R. Civ. P. 56(a) expressly requires a party moving for partial summary judgment to "identify[ ] each claim or defense—or the part of each claim or defense—on which [partial] summary judgment is sought." A party seeking partial summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

15

Selman Breitman LLP
ATTORNEYS AT LAW

This initial burden has been described as "a most basic requirement for requesting summary adjudication." *See Hudson v. Lawrence*, 2021 WL 4805464 (E.D. Cal. 2021) at \*4. The failure of the moving party to meet this procedural burden necessarily results in a denial of the motion. *See Hudson, supra; Thomas v. Reyna*, 2021 WL 5451015 (E.D. Cal. 2021).

ViacomCBS's MPSJ should be denied as procedurally deficient because it does not comply with Fed. R. Civ. P. 56. Although the MPSJ purports to seek partial summary judgment that Great Divide must pay ViacomCBS for alleged additional expenses and increased expenses it incurred in developing and implementing COVID-19 safety protocols, ViacomCBS fails to identify to which of its claims or Great Divide's affirmative defenses they relate. This may be because ViacomCBS's complaint does not allege any facts regarding the development or implementation of any such protocols or Great Divide's alleged failure to reimburse costs related to the same. Likewise, although the ViacomCBS MPSJ seeks adjudication that Great Divide's Notice of Nonrenewal had no force or effect, ViacomCBS fails to identify which claim or defense for which partial summary judgment is sought on that issue. As a result, ViacomCBS fails to carry its initial burden, and Great Divide asks the Court to deny the ViacomCBS MPSJ on this procedural basis.

## IV.    LEGAL ARGUMENT

### A.    VIACOMCBS CANNOT OBTAIN PARTIAL SUMMARY JUDGMENT ON ITS COVID-19 SAFETY PROTOCOL CLAIM FOR THE *GOLDIE'S OLDIES* PRODUCTION

#### 1.    There Is No Present Controversy To Be Adjudicated Because (1) ViacomCBS Has Not Complied With Conditions Precedent Under The Policy And (2) Great Divide Has Not Denied Coverage For The Claim

A cause of action for breach of contract requires plaintiff to prove the following elements: (1) existence of the contract; (2) **plaintiff's performance or excuse for nonperformance**; (3) **defendant's breach**; and (4) damages to plaintiff

16

1    as a result of the breach. *CDF Firefighters v. Maldonado*, 158 Cal.App.4th 1226,

2    1239, 70 Cal.Rptr.3d 667 (2008). The burden of showing such a prima facie case

3    lies with a plaintiff insured. *Id*. at 1239-40[8].

4    ViacomCBS has not met its burden of proving breach of contract because

5    (1) it has failed to comply with various conditions precedent required under the

6    Policy, and (2) Great Divide has never denied coverage for ViacomCBS's potential

7    damages as it waits patiently for ViacomCBS to comply with its contractual

8    obligations.

9          **a)    ViacomCBS Has Not Performed Its Contractual**
            **Obligations Nor Has It Provided An Excuse For**

10               **Nonperformance**

11   In general, "conditions neither confer nor exclude coverage for a particular

12   risk but, rather, impose certain duties on the insured in order to obtain the coverage

13   provided by the policy." *North American Capacity Ins. Co. v. Claremont Liability*

14   *Ins. Co*., 177 Cal.App.4th 272 (2009); *American Way Cellular, Inc. v. Travelers*

15   *Prop. Cas. Co. of America*, 216 Cal.App.4th 1040 (2013).

16   Provisions of an insurance policy that require an insured to cooperate and

17   meet various conditions are enforceable. *Gilbert v. Infinity Ins. Co*., 186 F. Supp.

18   3d 1075, 1085 (E.D. Cal. 2016). The failure to produce requested documents is a

19   breach of the insured's duties under the insurance contract. *Abdelhamid v. Fire Ins.*

20   *Exch*., 182 Cal. App. 4th 990, 1005 (2010); *Hickman v. London Assurance Corp*.,

21

22   _____

23   [8] A cause of action for anticipatory breach of contract only arises when "a party to
a contract expressly or by implication repudiates the contract before the time for
his or her performance has arrived." *Romano v. Rockwell Int'l, Inc*., 14 Cal. 4th

24   479, 489, 59 Cal. Rptr. 2d 20 (1996); *see also Taylor v. Johnson*, 15 Cal. 3d 130,
140, 123 Cal. Rptr. 641 (1975). If a party fails to allege facts sufficient to support

25   the claim that a party has "absolutely and unequivocally refused to perform," the
claim should be dismissed. *Great American E & S Ins. Co. v. Kouw Pinnq*

26   *Enterprise Co., Ltd*., 2013 WL 5461911 (C.D.Cal. Sept. 20, 2013). ViacomCBS
cannot meet its burden of proof because Great Divide has not denied coverage for

27   the *Golide's Olides* COVID-19 safety protocol claim. (SGD ¶ 41) Instead, Great
Divide has issued an ROR (SGD ¶¶ 35-40), and Hyperion is awaiting

28   documentation and information from ViacomCBS. (SGD ¶¶ 44-49)

17

Selman Breitman LLP
ATTORNEYS AT LAW

184 Cal. 524, 534 (1920). Documents proving the existence or value of a claim are relevant to an insurer's inquiry. *West v. State Farm Fire and Cas. Co*., 868 F.2d 348, 351 (9th Cir. 1989). An insurer's affirmative defense regarding an insured's breach of a policy condition, and whether it was prejudiced by the breach, creates an issue of fact regarding a breach of contract claim. *See Select Ins. Co. v. Superior Court*, 226 Cal.App.3d 631 (1990). The determination of whether an insured failed to produce information material to the claim is inherently factual. *Gilbert v. Infinity Ins. Co*., 186 F. Supp. 3d at 1062.

For example, in *Abdelhamid, supra*, the insured's home was damaged by fire. The insurer determined it did not have sufficient information to accept the claim and requested that the insured produce documentation and submit a completed proof of loss. *Id*. at 994-95. In response, the insured stated that losses for contents, separate structures and additional living expenses were amounts "to be determined." *Id*. at 995. The court granted summary judgment to the insurer because there was no dispute that the insurer had been substantially prejudiced by the undisputed breach of the policy conditions. *Id*. at 1000, 1007. This was because the insured's proof of loss only contained an estimated value of loss, leaving all other claimed losses "to be determined." *Id*. at 1000.

Policy Condition B. requires that the insured provide Great Divide with all necessary documents to support a claim. (SGD ¶ 6) Here, it is indisputable that ViacomCBS has failed to provide Great Divide with documentation proving it is entitled to reimbursement of expenses allegedly incurred for COVID-19 safety protocols for the *Goldie's Oldies* production. (SGD ¶¶ 24-34, 42-49) This failure to provide such documentation has prejudiced Great Divide's ability to adjust the claim and constitutes a breach of the Policy's condition precedent.

Policy Conditions U. and V. require the insured to submit a proof of loss. (SGD ¶¶ 11, 12) The purpose of the proof of loss requirement is to give the insurer the necessary facts to facilitate its investigation of a claim of loss after it has

1   received notice of the claim. *Henderson v. Farmers Group, Inc.*, 148 Cal.Rptr.3d

2   385, 394 (2012). Prejudice to the insurer is established when the information

3   sought "went to the heart of [the insurer's] investigation." *Abdelhamid, supra*, 182

4   Cal. App. 4th at 1007. An insured's undisputed failure to produce requested

5   material documentation or a proof of loss prevents an insured from proving it

6   performed under the contract, an element of a breach of contract claim. *Id*.

7          Here, there is no reasonable dispute that ViacomCBS has failed to provide

8   either Hyperion or Great Divide with any proof of loss which sets forth, under

9   oath, information establishing ViacomCBS is entitled to coverage for *Goldie's*

10   *Oldies* alleged COVID-19 safety protocol costs, and in what amount. (SGD ¶¶ 46-

11   47) Not only has ViacomCBS failed to provide a satisfactory and detailed proof of

12   loss, it has failed to do so within 180 days of the "discovery" of the loss.

13          Finally, the Policy's Condition C. provides that "[n]o action against [Great

14   Divide] may be brought unless [ViacomCBS] ha[s] complied with all of the

15   provisions of this policy." As discussed, ViacomCBS has failed to comply with (1)

16   Policy Condition B. by failing to, inter alia, submit requested documentation in

17   support of the Goldie's Oldies COVID-19 safety protocols claim, and (2) Policy

18   Conditions U. and V. by failing to submit a signed and sworn proof of loss. These

19   breaches have prejudiced Great Divide because the lack of information has

20   prevented it from being able to determine if reimbursement is appropriate and, if

21   so, how much is reimbursable. (SGD ¶ 56) ViacomCBS's breaches have also

22   prevented Great Divide from determining whether additional documents and

23   information is required, whether an EUO is needed, or whether to exercise the

24   Appraisal provision in the Policy. (SGD ¶ 57)

25          Given (1) ViacomCBS's breach of these conditions and (2) Great Divide's

26   resulting inability to adjust the Goldie's Oldies COVID-19 safety protocol claim,

27   ViacomCBS's MPSJ must be denied.

28

Selman Breitman LLP
ATTORNEYS AT LAW

### b) Great Divide Has Not Breached The Contract As A Matter Of Law Because It Has Not Denied Coverage For ViacomCBS's COVID-19 Safety  Protocol Claim

Great Divide sent ViacomCBS a ROR which made clear that (1) its investigation was ongoing, (2) it might require additional information, and (3) the letter should not be interpreted or construed as denial of coverage. (SGD ¶¶ 35-40) Simply stated, Great Divide has not denied coverage for ViacomCBS's claim, so it could not have breached the contract[9].

### 2. ViacomCBS Has Not Met Its Burden Of Proving That It Has Met The Requirements Of The Policy's Due Diligence Condition; Triable Issues Of Fact Remain

The Due Diligence condition in the Policy has two parts.  The first sentence recites the common law requirement of an insured to mitigate its damages: "[ViacomCBS] shall use due diligence and do and concur in doing all things reasonably practicable to avoid or diminish any loss or any circumstances likely to give rise to a loss or claim insured under this policy." (SGD ¶ 9) This part of the Due Diligence condition does not provide for indemnity.

The second sentence of the condition allows for indemnity under limited

---

[9] All these facts call into question whether ViacomCBS's claim is even ripe for adjudication.  "[T]he question of ripeness turns on the fitness of the issues for judicial decision [.]" *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 201, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983) (internal quotation marks omitted) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), overruled on other grounds by *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977)). "The 'central concern [of the ripeness inquiry] is whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Richardson v. City and County of Honolulu*, 124 F.3d 1150, 1160 (9th Cir.1997) (quoting 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3532, at 112 (2d ed. 1984)).

Selman Breitman LLP
ATTORNEYS AT LAW

circumstances: "This policy will indemnify [ViacomCBS] for [ViacomCBS's] **ascertained** net loss of additional incurred expenses and/or increased costs **necessarily incurred** by [ViacomCBS] to avoid or diminish any such loss or claim …; **provided however**, that in no circumstances will [Great Divide's] maximum liability under this policy be greater than the sum insured as declared, or that which would have been incurred had [ViacomCBS] not incurred said increased costs and/or additional out-of-pocket expenses, or any event exceed the limits of liability of this policy." (*Id.*)

### a) ViacomCBS's Additional Incurred Expenses And/Or Increased Costs Have Not Been "Ascertained"

As established above, ViacomCBS's alleged COVID-19 safety protocol costs have not been "ascertained."  There are genuine issues of material fact regarding the existence and amount of ViacomCBS's "ascertained net loss of additional incurred expenses and/or increased costs." To date, ViacomCBS has only provided Hyperion and Great Divide with **estimates** for most of its alleged costs. (SGD ¶¶ 24-34) Without the actual amount spent on the protocols, Great Divide cannot determine the "ascertained net loss" of the expenses and/or costs.

"Ascertained" is defined as "to find out or learn with certainty," or "to make certain, exact, or precise." (https://www.merriam-webster.com/dictionary/ascertain) Obviously, estimates are not certain, exact or precise.  Unless and until ViacomCBS provides certain, exact or precise documentation and information supporting its claim, the "ascertained" requirement of the Due Diligence condition has not been met. At the very least, triable issues remain.

### b) Whether Viacomcbs's Alleged Additional Incurred Expenses And/Or Increased Costs Were "Necessarily Incurred" Is A Question Of Fact

Whether an expense is "necessary" is ordinarily a question of fact.  *Takacs v. A.G. Edwards & Sons, Inc.*, 444 F.Supp.2d 1100, 1124–25 (S.D.Cal. 2006) ("it

21

Selman Breitman LLP
ATTORNEYS AT LAW

1   would be inappropriate for the Court to decide whether Plaintiffs' expense claims

2   were 'necessarily incurred' on summary judgment"); *Jacobus v. Krambo Corp.*, 78

3   Cal.App.4th 1096, 1104, 93 Cal.Rptr.2d 425 (2000) (whether expenses were

4   necessary "requires an inquiry into reasonableness and is a question of fact").

5          In ViacomCBS's MPSJ, ViacomCBS lists various COVID-19 safety

6   protocols it allegedly employed for the *Goldie's Oldies* production, but failed to

7   provide any details (either in the ViacomCBS MPSJ, to Great Divide following its

8   Notice of Loss, or in discovery in this case) about the actual costs it allegedly

9   incurred and why those costs were "necessarily incurred." As a result, ViacomCBS

10  appears to be improperly requesting a blanket ruling that Great Divide must

11  reimburse it for all its COVID-19 safety protocol costs for the *Goldie's Oldies*

12  production, without demonstrating, as a matter of fact and as a matter of law, how

13  it has satisfied the "necessarily incurred" requirement of the Due Diligence

14  condition. This failure clearly creates various genuine issues of material fact with

15  respect to the potential applicability of the Due Diligence condition to their

16  COVID-19 safety protocols.

17         Without the details of the protocols, including a specific explanation of the

18  protocols themselves as well as their cost, one cannot analyze whether they were

19  all "necessarily incurred" or whether they avoided or diminished a loss or claim.

20  For example, ViacomCBS's development and implantation of COVID-19 safety

21  protocols included, among other things, creating an internal, global COVID-19

22  Task Force, consulting with an emergency medicine doctor and former Special

23  Forces soldier, and requiring a COVID-19 team consisting of a COVID-19

24  Compliance Officer, a COVID-19 Production Assistant, a COVID-19 Production

25  Runner, and a COVID-19 Compliance Assistant, to be on set at all times. Whether

26  all these measures were "necessary" is a genuine issue of material fact. This is

27  especially true given no one knows the actual cost spent on these items.

28

Selman Breitman LLP
ATTORNEYS AT LAW

Selman Breitman LLP
ATTORNEYS AT LAW

### c) ViacomCBS Provides No Information Regarding the "Maximum Liability" Requirement Of The Due Diligence Condition

Finally, there is genuine issue of material fact regarding Great Divide's "maximum liability" under the Due Diligence condition. The Policy states that "in no circumstances will" Great Divide's maximum liability under the Due Diligence Clause "be greater than the sum insured as declared, or that which would have been incurred had [ViacomCBS] not incurred said increased costs and/or additional out-of-pocket expenses, or in any event exceed the limits of this policy." Without any information regarding the amount Viacom CBS declared for the *Goldie's Oldies* production[10], this Court is unable to determine whether or in what amount ViacomCBS may be able to obtain indemnity for its COVID-19 safety protocols.  Similarly, ViacomCBS provided no information in the ViacomCBS MPSJ about what damages it would have sustained had it not incurred its alleged COVID-19 safety protocol costs, or for that matter, whether its allegedly incurred costs exceed the Policy's limits of liability.  Partial summary judgment must be denied given these factual issues.[11]

---

[10] Condition M in the Policy states: "Prior to the commencement of filming or taping, [ViacomCBS] shall declare to [Great Divide] each production to be insured within the policy period[.]" (SGD ¶ 10) The Policy defines "Insured Production" as "any production declared to [Great Divide] and accepted by [Great Divide] for coverage under this policy." (SGD ¶ 13) When ViacomCBS declares a production to Great Divide to be insured under the Policy, ViacomCBS provides a budget for that production, which is used to determine premium and the limits of coverage that may apply to a claim arising out of that production. (SGD ¶ 14) Since ViacomCBS failed to state in the ViacomCBS MPSJ the particulars of how it declared the *Goldie's Oldies* production, ViacomCBS has failed to meet its burden of proving that its COVID-19 safety protocol costs are less than the amount declared for the *Goldie's Oldies* production.

[11] Without the information noted above, Great Divide cannot calculate whether reimbursement is appropriate or whether the costs were merely incurred pursuant to Cal. Ins. Code § 531 and the common law doctrine of mitigation (i.e., the first

23

**d)  The Notice Of Nonrenewal Was Issued By Great Divide In Strict Compliance With The Procedures Set Forth In The Policy**

The Policy clearly stated on the Declarations page that the term of coverage was from December 1, 2019 to December 1, 2020. (SGD ¶ 1) The Policy also states that Great Divide "can non renew the policy by mailing or delivering written notice to the Named Insured at the last mailing address known to the Insurer, and to the Named Insured's authorized agent or broker[, a]t least sixty (60) days but not more than one hundred and twenty (120 days) prior to the effective date of non-renewal. If notice is mailed, proof of mailing will be sufficient proof of notice. ¶ Like notice of non-renewal will state specific explanation of the reason(s) for non-renewal." (SGD ¶ 16)

Great Divide's Notice of Nonrenewal was in complete compliance with the above provisions. There is no dispute that the Notice of Nonrenewal was sent to ViacomCBS and its broker, HUB, on September 28, 2020, a date that was at least 60 days and not more than 120 days before the end of the second policy period (December 1, 2020). (SGD ¶ 17)

ViacomCBS fails to acknowledge that the Policy was comprised of three "anniversary policy periods" ending on December 1 of each year. (SGD ¶ 15) As a result of the three anniversary policy periods, Great Divide's nonrenewal letter was to be effective at the end of the second anniversary policy period.

The Policy specifically states that at the end of the second annual policy period, Great Divide had the right to review rates and revise those rates for the third annual policy period, if necessary. (*Id*.) As such, Great Divide sent the Notice of Nonrenewal before providing the revised rate so that, if ViacomCBS rejected the rate, Great Divide would have the option of nonrenewing the policy (SGD ¶

sentence of the Due Diligence condition).

24

19) There is nothing in the Policy or California law which precluded Great Divide from taking this action.

Moreover, ViacomCBS also fails to inform the Court that, after negotiations, Great Divide did, in fact, renew the Policy for the third year. (SGD ¶ 20) This indisputable fact calls into question why ViacomCBS is requesting partial summary judgment on this issue in the first place.

In short, Great Divide's Notice of Nonrenewal was consistent with the terms of the Policy and ViacomCBS's argument that it "had no force or effect" is completely without merit.

## V.   **CONCLUSION**

Based on the foregoing, Great Divide respectfully requests that this Court deny ViacomCBS's MPSJ because (1) its Due Diligence claim is laden with triable issues of material fact, and (2) it failed to provide any analysis of the nonrenewal provisions in the Policy.

Dated:  September 26, 2022          SELMAN BREITMAN LLP

By:    */s/ Linda Wendell Hsu*___
NEIL SELMAN
LINDA WENDELL HSU
SARA J. SAVAGE
Attorneys for Defendant/Counter-Claimant
GREAT DIVIDE INSURANCE COMPANY

Selman Breitman LLP
ATTORNEYS AT LAW